JAMES M. QUINBY et al., Respondents, *v.* JOSEPH H. STRAUSS, Impleaded, etc., Appellant.

·Where there is simply a general objection to evidence, the decision of the trial court overruling the same will be sustained unless there be some ground which could not have been obviated if it had been specified, or unless the evidence called for was in any aspect of the case incompetent.

(Argued October 27, 1882; decided November 21, 1882.)

THE questions in this case were mainly as to the correctness of rulings on the trial receiving or rejecting evidence.

Evidence was received under a general objection and exception. The court say: "In such a case the decision of the trial judge will be sustained unless there be some ground which could not have been obviated if it had been specified, or unless the evidence called for was in any aspect of the case incompetent. (*Tooley* v. *Bacon*, 70 N. Y. 34.)"

The action was brought by plaintiffs as judgment creditors of defendant Cavenaugh. The complaint alleged that Cavenaugh and defendant Joseph H. Strauss, his attorney, fraudulently conspired together to keep Cavenaugh's personal property out of the reach of his creditors by the execution of chattel mortgages thereon, to secure fictitious debts — one of them to Strauss — under which the property was sold and bid off by Strauss or in his interest. The property exceeded in value the amount of plaintiffs' judgment. The court charged in substance that if the jury were satisfied that defendants were guilty of the conspiracy charged plaintiffs were entitled to a verdict for the amount of the judgments, and for such

amount for the trouble and inconveniences as the jury should consider had been proved to have been sustained by plaintiffs.

The court say as to this: " The learned counsel also argues that the principle of damages submitted to the jury was incorrect — that nominal damages only should be allowed. The defendant was, as the jury found, a wrong-doer, and it lies not in his mouth to say that the property may still be taken under execution. It exceeds in value the plaintiff's judgment, and has been fraudulently appropriated by the defendant to his own use. It is just that he should pay the creditor, whose claim he sought to defeat, and no legal reason is shown why he should not do so. The judgment secures that result, and should be affirmed."

*Winchester Britton* for appellant.

*Louis F. Grant* for respondents.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.