HORATIO M. DOTY, Respondent, *v.* LEMON THOMSON, Appellant.

*Evidence — when a written contract cannot be varied by parol evidence.*

Upon the trial of this action, brought by the plaintiff, as owner of a canal boat, to recover from the defendant damages, in the nature of demurrage, for delay in discharging the cargo. It appeared that at the time the goods were delivered to the plaintiff there was given to him a written instrument, signed by the defendant, containing a description of the goods, the place of shipment and of destination, the mode of carriage, the name of the consignee, the price to be paid and the amount advanced to the captain. Upon the trial the plaintiff was allowed, against the defendant's objection and exception, to prove that the defendant had agreed, as part of the contract, to unload the boat, at its destination, at his own cost, except that the plaintiff was to pay the cost of shoveling the cargo into the vessels into which it was to be removed.

*Held,* that the court erred in receiving the evidence, as the parties were bound by the written agreement. (Bockes, J., dissenting.)

*Gage* v. *Jaqueth* (1 Lans., 207) overruled; *Covill* v. *Hill* (4 Den., 323) distinguished.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff, as owner of a canal boat, to recover from the defendant for freight and towage and damages by way of demurrage for delay in unloading the boat.

Upon the trial the plaintiff, to prove the contract of affreightment, introduced in evidence two shipping bills, one signed by the defendant's agent, which is as follows:

"THOMSON'S MILL, SARATOGA DAM, N. Y., *June* 9, 1882.

"Shipped by Lemon Thomson on board of canal boat Thos. Shallow, Captain H. Doty, the following property in good order, to be delivered in like good order as consigned in the margin.

"For Knickerbocker Ice Co., Charles H. Van Zandt, Agt., Albany, N. Y., $80\frac{121}{128}$ Cds. sawdust.

"To be reshipped.

"Pay Capt. freight on safe delivery, one dollar twelve one-half cents per ton, less forty-eight and $\frac{50}{100}$ dollars advanced Capt.

"Forty-eight and $\frac{50}{100}$ dollars advanced Capt.

"LEMON THOMSON.

"B."

The referee found and decided, upon oral evidence offered by the plaintiff and duly objected to by the defendant, that the real contract between the plaintiff and defendant was that the defendant would discharge the cargo and that the plaintiff would pay for so much of the labor of discharging the same as consisted in shoveling it into the vessels in which it was to be removed from the boat, and that the plaintiff was entitled to recover the full amount of freight as specified in said shipping bills, less the amount admitted to have been paid, and less ten dollars and fifty cents allowed defendant for such shoveling.

The referee also found and decided that, by reason of the neglect of the defendant's consignee, the boat was delayed in discharging her cargo four days beyond a reasonable and customary time for discharging like cargoes, and that the plaintiff was entitled to recover therefor at the rate of ten dollars per day.

*I. Lawson*, for the appellant.

*Hyland & Zabriskie*, for the respondent.

LEARNED, P. J.:

When a writing appears to be intended to express the whole contract, oral evidence cannot be admitted to prove an undertaking necessarily connected therewith, and one of the elements of the contract. (*Eighmie* v. *Taylor*, 98 N. Y., 288.)

The written paper in this case contains a description of the goods, the place of shipment, the place of destination, the mode of carriage, the name of the consignee, the price to be paid, the part of the price which had been paid. It contains, therefore, every one of the elements of the contract for carrying the goods. To show a verbal arrangement about towage and unloading was in conflict with a settled rule of law.

But the plaintiff insists that this paper was not binding on plaintiff, because signed only by the defendant. And the plaintiff relies on *Gage* v. *Jaqueth* (1 Lans., 207), where the court say that no person is bound upon a written contract unless he has signed it. But this cannot be correct. The cases are numerous to the contrary. A few are: *Putnam* v. *Furnam* (71 N. Y., 590); *Long* v. *New York Central Railroad Company* (50 id., 76); *Hinckley* v. *New York Central and Hudson River Railroad Company* (56 id., 429); *Belger* v. *Dinsmore* (51 id., 166); *White* v. *Ashton* (51 id., 280). Receipts given by railroad companies and accepted by the shipper have been held to bind him so that he could not prove a different contract.

Would it be claimed in this present case that the plaintiff could have proved by parol a different rate of freight than that specified in the writing? Was he not bound to do the freighting for the price mentioned in the paper specifying the terms, which was delivered to him with the cargo and accepted by him? Could he prove by parol that instead of delivering the cargo at Albany as specified in the writing he was to deliver it at Cohoes? Certainly not. If the paper specified all the terms of the contract and was delivered and accepted with the cargo, it is not material that he did not sign it.

If a deed of land states that the land is subject to a mortgage, which a grantee agrees to pay as part of the consideration, the acceptance of the deed binds the grantee, personally, although he does not sign it.

Let us reverse the position. Suppose this paper had been signed by plaintiff, the carrier, and delivered to defendant on receipt of the cargo, could the defendant then have shown by parol that the goods were to be carried to New York instead of Albany?

The case of *Covill* v. *Hill* (4 Denio, 323), cited to sustain plaintiff's position, only explains what a bill of lading is. It is not necessary to say that the paper in question is a bill of lading. The only question is, whether as between the parties, it was the written evidence of the contract, completely stating its terms. If so, it cannot be contradicted by parol evidence. It seems to me that the authorities hold that such a writing, signed by one party, and delivered to and accepted by the other, at or before the commencement of the work to be done, is the written evidence of the contract.

. The judgment should be reversed, new trial granted, referee discharged, costs to abide event.

LANDON, J., concurred.

BOOKES, J. (dissenting):

The referee held that the parties were not concluded by the shipping bills as to the terms of affreightment, and allowed parol evidence to be given showing that, as part of the contract of shipment, the defendant agreed to unload the boat at its destination, at his own cost, except that the plaintiff should pay so much of the expense of unloading as it should cost to shovel the cargo into the vessels in which it was to be removed. The admission of such parol evidence, and the finding of the referee based thereon, are urged as ground of error calling for a reversal of the judgment. Admitting that the shipping bills bound the parties, and constituted the contract of affreightment between them, the point of error would be well taken.

It was laid down in *Eighmie* v. *Taylor* (98 N. Y., 288, 297), that when an agreement in writing covers both sides of a contract, and is designed to signify its terms and is adequate for its purpose, it cannot be varied or affected by parol proof adding new stipulations.

This is a very familiar rule of law — quite too familiar to require a citation of cases in its support. But it is said that the shipping bills here put in evidence were signed by but one party — the consignor, and not by the plaintiff, the master or captain of the vessel —

hence not conclusive against the latter as an expression of the contract of affreightment. This point seems to be settled in favor of the plaintiff by the decision of *Gage* v. *Jaqueth* (1 Lans., 207), and in *Covill* v. *Hill* (4 Denio, 323). Adhering to the doctrine of these cases, we must hold that the point of error above stated is not sustained.

To show the weight of the cargo, the plaintiff offered the weighmaster's certificate, which was admitted in evidence against the defendant's objection, that it was "incompetent." No other than such general ground of objection was stated The fact sought to be proved was one proper to be established. The evidence, in its essential nature, was competent. If the ground of objection was that the evidence offered was secondary or hearsay merely it should have been so stated, *non constat*, but if the ground of objection now urged had been stated, it would have been obviated by the production of the weighmaster himself. (*Quinby* v. *Strauss*, 90 N. Y., 664; *Tooley* v. *Bacon*, 70 id., 34.) The ground of objection not having been stated, the alleged error, now urged, must be held ineffectual.

An objection was taken to the bills held by the plaintiff for towage. They were admitted as an aid only in fixing dates. Their admission for such purpose only was not error.

As bearing on the question of alleged delay, the plaintiff was permitted to show that it was customary for consignees to have derricks for use, in discharging cargoes from boats, at places along the Hudson river, the place of destination in this case being one of them. The evidence, as we think, was clearly admissible, if confined in its application to the place where the cargo was to be discharged. Here again the objection interposed was that the evidence was "incompetent, improper and immaterial." The specific ground of objection now urged was not stated. To be now available, as ground of error, it should have been pointed out at the trial. (*Quinby* v. *Strauss* and *Tooley* v. *Bacon*, above cited.)

In conclusion, we are of the opinion that the record is free from error calling for a reversal of the judgment.

Judgment affirmed, with costs.

Judgment reversed, new trial granted, referee discharged, costs to abide the event.