By the Court.—Ingraham, J.
Plaintiff presents two rulings of the trial court upon which he asks that the judgment be reversed.
The first to be considered is the refusal to charge in substance that it is not negligence for a person to get on a street car while in motion. The court based its refusal to charge as requested on the ground that there was no proof to justify the jury in finding that the car slowed up for the plaintiff to get on ; the court saying, “ It is not worth while, gentlemen, that I should instruct you under what circumstances some other plaintiff in some other case might make an attempt to board a car. before it has fully stopped.”
The plaintiff on the trial testified that the car stopped when he attempted to get on; that he had one foot on the platform and one foot on the step, when the conductor rang the bell, the car started, and he was thrown off.
*274 From his story there was no evidence that the car had slowed up, and nothing upon which to base such a request. The plaintiff’s testimony was uncorroborated. The defendant called the driver and the conductor of the car and a passenger who helped plaintiff off the car after the accident. From their testimony it would appear that plaintiff was first seen being dragged after the car, and that before that time the car did- not stop or slow up. If this story were true, then there was no evidence to show that defendant was guilty of any negligence, and it did affirmatively appear that plaintiff was guilty of contributory negligence.
The court left it to the jury to say which story they believed, under a charge to which no exception was taken, and the jury having found for the defendant, it must be presumed that they did not believe plaintiff’s testimony.
The court was not requested to leave it to the j ury to say whether under the circumstances of the case, plaintiff was or was not guilty of contributory negligence, but theo plaintiff in substance requested the court to charge that certain acts of the plaintiff were not, as a matter of law, contributory negligence. It cannot be said as a matter of law that a person getting upon a car about to stop is not negligent on his part, but the rule is that such an act is not as a matter of law contributory negligence. It is for the jury to say in each case whether under the circumstances of the case the plaintiff was or was not guilty of contributory negligence.
As was said in Eppendorf v. The B. C. & N. R. R. Co., 69 N. Y. 195, “ The sole question to be determined here so far as relates to plaintiff’s alleged contributory negligence, was the character of the plaintiff’s acts under the circumstances existing at the time.”
What would be contributory negligence under circumstances not proved, could not assist the jury in passing on this question then presented.
The second and more serious question was the-exception to the decision of the court in overruling the objec *275 tion to the testimony of an experiment made upon the car after the accident. The objection was general. No ground was stated why the testimony should be excluded, and in such a case the decision of the trial judge will be sustained, unless there be some ground which could not have been obviated if it had been specified or unless the evidence in its essential nature is incompetent. Quimby v. Strauss, 90 N. Y. 664. And a general objection is insufficient to make an objection that the answer called for an opinion of the witness, available. Merritt v. Briggs, 57 N. Y. 651.
Under this ruling the evidence will not be held to be erroneously admitted because the witness was not shown to be an expert or because it did not appear that the identical circumstances which surrounded the plaintiff and the identical conditions which influenced him and under which he acted, existed at the time the experiment was made.
The witness was asked as to, and testified to the existence of a fact, viz, what had happened on the car the day before. No opinion was asked, but he was requested to state what he had seen when a person placed upon the step of the car as plaintiff describes himself to have been placed at the time of the accident, and when the car suddenly started.
This evidence was not in its nature incompetent. The plaintiff testified that he stood on the steps and platform of the car, and by a sudden jerk of the car in starting was thrown off. Testimony of competent witnesses to show that a person standing in the same position was thrown in a different direction when the car was suddenly started, would certainly be competent evidence for the jury in determining on the conflict of evidence as to the manner in which the accident happened.
No case is cited by the plaintiff which holds such evidence incompetent, and we do not think that it was error in the court to overrule the objection taken. The weight of evidence was largely in favor of the defendant. The *276 question was fairly submitted to the jury by the charge to which no exception was taken, and we are satisfied that no error was committed that calls for a reversal of the judgment. Judgment should therefore be affirmed with costs.
Sedgwick, Ch. J., concurred.