Haight, J.
This action was brought in justice court to recover for a quantity of baking powder sold and delivered to the defendant. The answer alleged various defenses, upon which conflicting evidence was given. The jury found a, verdict in favor of the plaintiff for thirty-six dollars, which must be regarded as conclusive upon the disputed question of fact passed upon.
Upon the trial evidence was given on behalf of the plaintiff tending to show that he had sold to the defendant 150 pounds of what is known as the Favorite Baking Powder. The defendant gave evidence to the effect that this powder was represented to be equal to the Cleveland or Royal powders; that it was not as good as represented; that it was returned by his customers, and that the plaintiff had a ton of it on hand. The defendant also gave evidence by the witnesses, Clara Fulton and Angie Beard, to the effect that they had used the Cleveland and Royal brands, and that the favorite was not as good; that it did not raise well and was bitter.
On the rebuttal Theodore Huber was sworn as a witness for the plaintiff, and testified that he was a grocer in Rochester, the city in which the plaintiff and defendant did business; that he knew the plaintiff, and knew his brand called the Favorite Baking Powder; that he had sold it from his grocery about four months, and had had no complaint as to its quality; that he got the powder of the plaintiff. The evidence as to his having sold the powder and having had no complaint as to its quality was objected to, and the objection was over-ruled. The witness Suter was also sworn in behalf of the plaintiff, and stated, under objection, that the powder was as good as there is in" market; that he had never used it himself, but had seen his wife use it; had eaten food made with it; that he never noticed any bitter taste, etc.; that he bought this powder of Mr. Huber.
The county court held that this evidence was incompetent, and that the objections taken presented errors for which he reversed the judgment, for the reason that the -evidence related to the Favorite Baking Powder and did not relate to that sold by the plaintiff to the defendant.
*172 It appears from the evidence that the plaintiff had, as we have seen, a large quantity of the Favorite Baking Powder on hand, a ton or more. One hundred and fifty, pounds were sold to the defendant, and fifty pounds or more to the witness, Huber, who had in turn sold to the witness, Suter. It is true that the evidence of Huber and Suter related to the Favorite Baking Powder, but it was the powder which had been purchased of the plaintiff, as well as that of the defendant. The objection, as we have seen, was general, and the attention of the trial court was not called to the fact that it was not the same powder as that sold to the defendant. Had the attention of the court been called to this fact, it is possible that the plaintiff could have removed any ground of objection by showing that that which was sold to Huber was taken from the same batch that was sold to the defendant, and that the powder sold to one was the same as to the other. It was of the same brand, purporting to be made by the same manufacturer, and was sold to Huber at about the same time as it was to the defendant. We are inclined to the opinion that the objection taken being general did not, within the authorities, furnish ground for reversal. Quinby v. Strauss, 90 N. Y., 664; Briants v. Trimmer,.46 id., 96-97; Bergmann v. Jones, 94 id., 51-58; Tooley v. Bacon, 70 id., 34; Tozer v. The N. Y. C. and H. R. R. Co., 105 id., 659; 8 N. Y. State Rep., 56.
The judgment of the county court should, therefore, be reversed, and that of the justice affirmed.
Barker, P. J., and Bradley, J., concur.