·Exchange Nat. Bank *v.* Marshall *et al.*

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

Trial—Directing a Verdict—Instruction.

At the close of plaintiff's evidence, defendant asked a dismissal of the complaint, which was refused, and he excepted. He then stated he wished to go to the jury, but declined to indicate any question for the jury to pass upon, saying he would put it in the form of a request to charge. The court made no ruling upon this suggestion, and no exception was asked or taken by defendant. *Held,* that defendant had abandoned all claim to go to the jury.

Appeal from circuit court, Cattaraugus county.

Action by Exchange National Bank of Olean against Charles A. Marshall and George D. Briggs. Defendant Marshall appeals from an order denying his motion for a new trial.

Argued before Dwight, P. J., and Macomber and Corlett, JJ.

*Spencer Clinton, (George Clinton,* of counsel,) for appellant. *J. R. & M. B. Jewell,* for respondents.

Corlett, J. In April, 1882, the defendants and Henry A. Richmond, of the city of Buffalo, became partners for the purpose of engaging in the lumber business in the state of Pennsylvania. Richmond sold his interest in the firm before any business was transacted. Briggs was the business manager of the firm, and nearly all transactions were in his name. The company's office was in Buffalo, where the books were kept. In doing business three notes were made: "$500.00. Buffalo, N. Y., August 28, 1888. Three months after date, I promise to pay to the order of S. E. Farnsworth five hundred dollars, at Bank of Buffalo, Buffalo, N. Y. Value received. G. D. Briggs." Two other notes were made, in substantially the same form,—one for $600, dated September 10, 1888, due in three months, signed as the first; the other for $1,000, dated September 17, 1888, due in three months, and signed by Briggs in the same way. All of them were claimed by the plaintiff to be given in the business of the firm, and they were transferred before due to the plaintiff. The firm, in the course of its business in lumbering, made an oral agreement with Farnsworth, the payee mentioned in the notes, to manufacture the timber into lumber on the defendant's land, and to build a tram road or railway for the purposes of the business. It was claimed on the part of the plaintiff that the notes were given to Farnsworth for work and labor performed on his contract. It also appeared that Farnsworth assigned to the plaintiff the accounts for labor represented by the notes, as well as the notes. This action is brought to recover the amount. The complaint alleges, among other things, that the firm name was G. D. Briggs, and that the business of the firm was conducted in that name. The answer admits the partnership, and the nature of the business followed by the firm, but denies that G. D. Briggs was the firm name, or that the notes were obligations of the firm, and also the firm's indebtedness to Farnsworth. The cause was tried in September, 1889. The plaintiff, at the close of his evidence, offered to surrender the notes to the defendants. The defendants' counsel, in replying to this offer, stated: "You then claim on the assignment of the consideration." The plaintiff's counsel replied, in substance, that he claimed on the notes and assignment. The defendants' counsel moved for a dismissal of the complaint on the ground that the evidence fails to establish the cause of action that the plaintiff has elected to rest his case upon. At the close of the evidence the plaintiff's counsel stated that he saw no question of fact for the jury, and asked the court to direct a verdict for the plaintiff. The defendants' counsel asked the court to dismiss the complaint on the evidence and on the ground above stated. The trial justice said, in substance, that there was no question of fact for the jury, and that the plaintiff's case was established to the extent

necessary to entitle a recovery. The justice proceeded to show the reasons for so concluding at some length, and directed a verdict for the the plaintiff. The defendants' counsel excepted to the motion to dismiss the complaint and the direction of a verdict, and requested to go to the jury. The court asked the counsel to state any question of fact which ought to be submitted to the jury. The counsel declined to specify any question which the jury ought to pass upon. The court repeated the question, and the counsel, in reply, said that he should ask the court to charge that, if Farnsworth knew that this paper was intended to be the personal paper of Briggs, and was satisfied that there was no indebtedness to Farnsworth, then the plaintiff could not recover; but he did not ask to go to the jury, or indicate any question of fact which he desired to have the jury pass upon.

It is obvious from the above statement that the trial justice was right in directing a verdict. The counsel on both sides assumed that there were no questions for the jury to pass upon,—the plaintiff's counsel, by asking the direction of a verdict; the defendants' counsel, by asking a dismissal of the complaint. The counsel also stated that he wished to be allowed to go to the jury. When requested by the court to indicate some question he wished the jury to pass upon, he declined, and finally stated that he would put it in the form of a request to charge. There was nothing before the court to charge upon; and the defendants' counsel so assumed, because the court made no ruling upon that suggestion, nor did the defendants' counsel ask any, or take an exception. All that occcurred shows that neither party desired any questions to be passed upon by the jury. If the learned counsel for the defendant had asked to go to the jury on the question whether the notes were given in consideration of a debt due by the firm to Farnsworth, or whether the firm was indebted to Farnsworth to the amount of the notes, or upon either of those questions, he would have, undoubtedly, been allowed to do so by the trial court, if there was any conflict in the evidence as to those questions, or either. But by refusing to specify any question of fact which he wished submitted, in view of what occurred, he abandoned all claim on that subject. It is a familiar rule that the general objection or request is unavailing if, by calling specific attention to the point, it might have been obviated. *Quinby* v. *Strauss,* 90 N. Y. 664; *Leggett* v. *Hyde,* 58 N. Y. 272; *Collins* v. *Burns,* 63 N. Y. 1. In *Koehler* v. *Adler,* 78 N. Y. 287, 290, the counsel asked to go to the jury on a specific question. The rulings of the trial justice on the subject of evidence, to which exeception was taken, were correct.

The knowledge of one partner as to what the other was doing within the scope of their business, or as to what private agreement was made between them, cannot affect the rights of third persons dealing with the firm. The order must be affirmed.

DWIGHT, P. J., and MACOMBER, J., concur.