(9 Misc. Rep. 201.)

HURWITZ v. HURWITZ et al.

(City Court of New York, General Term.   June 20, 1894.)

FRAUD—ACTION FOR DAMAGES—WHEN MAINTAINED.
    A judgment creditor may maintain an action at law against the judg-
    ment debtor and another to recover damages for conspiring to prevent the
    collection of the judgment by removing and disposing of such debtor's
    property, and placing it beyond the reach of execution.   Braem v. Bank,
    28 N. E. 597, 127 N. Y. 509, distinguished.

    Appeal from trial term.
    Action by Jacob Hurwitz against Callman Hurwitz and another
to recover damages for fraud.   There was a judgment in favor of
plaintiff for $765.83, and defendants appeal.   Affirmed.
    Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

    Abraham Gruber, for appellants.
    Jacob Manheim, for respondent.

    NEWBURGER, J.   The complaint alleges that the plaintiff on
the 7th day of January, 1893, recovered a judgment against the
defendant Hurwitz; that thereafter, and on the 18th day of Janu-
ary, 1893, execution was issued and returned unsatisfied; that on
the 9th day of January, 1893, the defendant Hurwitz, for a consid-
eration of $900, transferred certain personal property to the defend-
ant Rouse; that the bill of sale was given without consideration, and
with the intent to hinder, delay, and defraud the plaintiff; that on
the 9th day of January, 1893, the defendants wrongfully, unlaw-
fully, maliciously, willfully, and fraudulently combined and con-
spired together to hinder, delay, cheat, and defraud the plaintiff,
and to prevent the collection of the judgment recovered by the
plaintiff against the defendant Hurwitz, and to remove the prop-
erty of the defendant, and to so dispose of the same that the same
might not be reached by said execution, and that, as a result of
such wrongful, willful, malicious, and fraudulent acts of conspiracy
on the part of the defendants, the said personal property of the de-
fendant Hurwitz was removed and disposed of by the defendants
so that the same could not be reached by said execution; and that
the plaintiff was damaged in the sum of $617.90.   The answer of
the defendant Rouse is a general denial, and alleges that the bill
of sale was given for a valuable consideration, and in good faith.
The answer of the defendant Hurwitz is, in substance, a general de-
nial.   On the trial, both at the opening as well as at the conclusion
of plaintiff's case, defendants moved to dismiss the complaint on the
ground that the action should have been brought in equity to set
aside the bill of sale from the defendant Hurwitz to Rouse, and not
in law, as this action is brought, which motions were denied and ex-
ceptions duly taken.
    We think the trial justice properly denied the motions, and cor-
rectly stated the law in his charge to the jury.   See Quinby v.
Straus, 90 N. Y. 664.   The case of Braem v. Bank, 127 N. Y. 509,
28 N. E. 597, to which the appellants' counsel has referred, has no

application to this case. In that case the plaintiff recovered a judgment against a manufacturing company. On the same day the defendant obtained a judgment against the same company upon an offer and acceptance. In an action against the defendant for damages for fraud in obtaining the judgment, the court properly held that it was a subject of equitable jurisdiction as to who was entitled to the fund arising from the sale under the several executions. In this case no such question arises. We think, therefore, that the judgment must be affirmed, with costs. All concur.