### ASBESTOS PULP CO. v. GARDNER.

(Supreme Court, Appellate Division, Fourth Department. April 8, 1899.)

1. EVIDENCE—OBJECTIONS—SPECIFICNESS.

    An objection to evidence as incompetent and immaterial is not sufficiently specific to reach the objection that the question involved a conclusion, and that the evidence was not the best evidence.

2. SAME—APPEAL.

    An objection to evidence must be specific, to be available on appeal, unless the objection is of such a character that it could not have been obviated in the trial court.

Appeal from trial term, Monroe county.

Action by the Asbestos Pulp Company against Lawson M. Gardner, impleaded. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Vasco P. Abbott, for appellant.

Elbridge L. Adams, for respondent.

SPRING, J. While the complaint is in form for goods sold and delivered by the plaintiff to the defendants, who composed the firm of the Gardner Pulp Company, the only controversy at the trial was over the sale of a pulp mill. The plaintiff's evidence showed that Predmore, the superintendent of plaintiff, had a conversation with the defendant, Gardner, and one McCrea, who was confessedly one of the co-partners in the pulp company, and one of its managers, in which they asked to borrow this mill, and he said that he would consult his company, the plaintiff. He did this, and afterwards informed them that his instructions were to sell the mill for $1,000, but not to loan it. Thereafter he gave directions to deliver the mill, and it was done, and he saw it in operation in the works of the Gardner Pulp Company. The mill was insured by McCrea in his own name, and subsequently was burned. Gardner and McCrea contradict Predmore, and testify that they only had a part of the mill, and that was borrowed. There was a fair question of fact, and it was succinctly submitted to the jury by the trial judge, and the verdict for the plaintiff ends the real controversy between the parties.

There are several exceptions to testimony urged on behalf of the appellant. The difficulty with these criticisms lies in the fact that the objections urged were not sufficiently specific. To illustrate: In one instance, Bigelow, a witness on behalf of the plaintiff, was inquired of concerning an offer which purported to be made by the Gardner Pulp Company, evidently in writing. The objections tendered were that the proffered testimony was incompetent and immaterial. It was both competent and material. Had the objections stated that the instructions were in writing, and that the question involved a conclusion, they would have been available, and the trial judge would then have sustained the objections, and the vice in the question could have been eradicated. Again, Predmore was asked if he received instructions from the plaintiff to deliver this mill to the Gardner Pulp Company, and the same general objections were interposed, and the evidence was admitted. In that instance the testimony was pertinent, but was probably founded upon a written communication. It is a well-settled rule of evidence that a person objecting to the reception of testimony must state the grounds of his objections so that the judge can rule with the criticism in his mind. Unless this is done, objections founded upon the admitted testimony are unavailing, unless they are of such a character that they could not have been obviated upon the trial. Quinby v. Strauss, 90 N. Y. 664; Tooley v. Bacon, 70 N. Y. 34; Tiemeyer v. Turnquist, 85 N. Y. 516–523.

The judgment and order is affirmed, with costs. All concur.