■ PAUL NEMENYI et al., Respondents, v. RAYMOND INTERNATIONAL, INC., et al., Appellants.— Order, entered on April 13, 1964, denying defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground the pleading fails to state a cause of action, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the motion to dismiss granted, with $10 costs. Plaintiffs claim they have stated a cause of action to recover damages for a conspiracy wrongfully to induce a breach of contract. The basis of that claim is the sale by defendants of certain construction equipment located in Liberia, Africa, to a nominee of one Pfister, who is not a party to the action, but who, plaintiffs assert, had entered into a joint venture with them to purchase the equipment and share in profits realized on a resale. Special Term found that the complaint was inartistically drawn in many respects but nevertheless, under the liberal pleading provisions of the CPLR, it did "contain some cause of action." However, the defects in the pleading are not merely formal but amount to a failure to state any cause of action. There are no allegations as to the nature of the contract between plaintiffs and Pfister which defendants are supposed wrongfully to have induced Pfister to breach. Apart from conclusory statements about a malicious conspiracy, there are no allegations which could support a contention that defendants actively participated in persuading Pfister to breach his agreement with plaintiffs. Nor can the complaint be sustained on any theory of prima facie tort since there is no pleading of special damages. As owners of the goods, defendants had a right to negotiate with, and sell the goods to, whomever they pleased. To deprive them of that right, and cast them in damages, there must be allegations showing some wrongful conduct on their part by which they intentionally, knowingly and without reasonable justification or excuse induced Pfister to breach the contract with

plaintiffs to the damage of plaintiffs. Failure adequately to plead the contract, to plead the facts showing defendants' alleged misconduct, and to plead the facts showing damage to plaintiffs as a consequence of defendants' alleged conduct makes the complaint fatally defective.— Concur Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.