■ JOYCE RABOUIN, Respondent-Appellant, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant-Respondent. [763 NYS2d 576] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 15, 2002, as amended by an order, same court and Justice, entered April 30, 2002, which denied in part and granted in part defendant's motion to dismiss the amended complaint, unanimously modified, on the law, to grant defendant's motion to the further extent of dismissing plaintiff's

third cause of action alleging violation of General Business Law § 349, and otherwise affirmed, without costs.

Accepting plaintiff's factual allegations as true and resolving all inferences which reasonably flow therefrom in plaintiff's favor, as we must on this motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Cron v Hargro Fabrics,* 91 NY2d 362, 366 [1998]), we conclude, as did the motion court, that plaintiff, by alleging that defendant insurer's manipulation of its surplus resulted in an inequitable dividend allocation to participating whole life policyholders such as herself, i.e., an allocation not reflective of the actual earnings potential of the amounts contributed to the surplus by whole life policyholders, has stated a claim for breach of her contract of insurance.

Contrary to defendant's argument, the primary jurisdiction doctrine (*see Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 156 [1988]) does not require that plaintiff's claims be decided by the Department of Insurance. There has been no showing of a "clear legislative intent to preempt [the] common-law * * * rights" plaintiff seeks to vindicate in this action (*Batas v Prudential Ins. Co.,* 281 AD2d 260, 261 [2001], citing *Hechter v New York Life Ins. Co.,* 46 NY2d 34, 39 [1978]).

Nonetheless, plaintiff's causes for fraudulent conveyance, failure to disclose, and fraud were properly dismissed. Plaintiff failed to allege the type of wrongful conveyance contemplated by Debtor and Creditor Law § 276 (*cf. Wall St. Assoc. v Brodsky,* 257 AD2d 526, 528-529 [1999]). Nor did she state a claim for failure to disclose, since she has not alleged facts from which existence of the fiduciary or confidential relationship between the parties necessary to support such a claim may be inferred (*see Gaidon v Guardian Life Ins. Co. of Am.,* 255 AD2d 101, 102 [1998], *affd in relevant part* 94 NY2d 330 [1999]). Plaintiff's claim for fraud was properly dismissed because, inter alia, she did not allege the elements of the tort with sufficient particularity (*see* CPLR 3016 [b]; *LaSalle Natl. Bank v Ernst & Young,* 285 AD2d 101, 109 [2001]).

We modify only to grant defendant's motion to the further extent of dismissing plaintiff's third cause of action in which plaintiff, in her individual capacity, alleges a particular, fact-specific violation of General Business Law § 349, since plaintiff is concededly without standing to assert a General Business Law § 349 claim (*see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan and Marlow, JJ.