■ GIANT GROUP, LTD., Appellant, v ARTHUR ANDERSEN LLP et al., Defendants, and L.H. FRIEND, WEINRESS, FRANKSON & PRESSON, LLC, Also Known as L.H. FRIEND, WEINRESS, FRANKSON & PRESSON, INC., et al., Respondents. [770 NYS2d 291]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 16, 2002, which, to the extent appealed from as limited by the briefs, granted the motion of defendants L.H. Friend, Weinress, Frankson & Presson, LLC (L.H. Friend) and Greg Presson to dismiss plaintiff's first, second, third, fifth and sixth causes of action for fraud, constructive fraud, negligent misrepresentation, breach of contract and professional malpractice as against them, unanimously modified, on the law, to reinstate plaintiff's claims for professional malpractice against L.H. Friend and Greg Presson and so much of plaintiff's breach of contract claim against L.H. Friend as seeks $200,000 allegedly due under the contract, and otherwise affirmed, without costs.

The court's conclusion that it lacked personal jurisdiction

over defendants L.H. Friend and Greg Presson, domiciliaries of California, was incorrect. The complaint sufficiently alleges meetings in New York, in which Presson and others from L.H. Friend took an active part, during which plaintiff's purchase of Periscope Sportswear, Inc. (Periscope) was negotiated. L.H. Friend and Presson were allegedly engaged by plaintiff to advise it in connection with this transaction, and it is from this engagement that all of plaintiff's claims arise. The complaint thus sets forth a sufficient nexus between the New York transaction in which L.H. Friend and Presson were actively and purposefully involved and plaintiff's claims to support an assertion of jurisdiction pursuant to CPLR 302 (a) (1) (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *McGowan v Smith*, 52 NY2d 268, 272 [1981]).

However, the court properly dismissed plaintiff's claims of fraud against L.H. Friend and Greg Presson on the ground that plaintiff's allegations of scienter are not pleaded with the requisite particularity, but are conclusory, failing to set forth facts from which scienter may be inferred (*see* CPLR 3016 [b]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 554 [1985]; *Houbigant v Deloitte & Touche*, 303 AD2d 92, 97-98 [2003]; *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 109-110 [2001]). Plaintiff alleges only that defendants knew or recklessly failed to discover certain improprieties in the financial statements of the corporate entity which defendants were purportedly to review on plaintiff's behalf. "[N]egligence claims cannot be deemed fraud solely because of the nomenclature used and conclusory allegations of fraud" (*LaSalle Natl. Bank*, 285 AD2d at 109).

With regard to plaintiff's breach of contract cause against L.H. Friend, plaintiff has failed to set forth the terms of the alleged contract that were purportedly breached (*see Gordon & Breach Science Publs. v New York Sys. Exch.*, 267 AD2d 52 [1999]), except with regard to its claim for $200,000, about which the complaint sufficiently alleges that the agreement called for L.H. Friend to pay $200,000, which L.H. Friend failed to do, despite plaintiff's demand. It is not necessary that plaintiff plead performance of a condition precedent to such payment (CPLR 3015 [a]; *Warner Licensing Co. v Kitty Fan Koo & Fashion Franchises*, 281 AD2d 190 [2001]).

L.H. Friend and Greg Presson make no argument as to why the professional malpractice claims against them should be dismissed, except for lack of jurisdiction. Accordingly, inasmuch as we have found that the motion court erred when it found that it lacked jurisdiction over L.H. Friend and Presson,

plaintiff's claims for professional malpractice against those defendants should be reinstated. Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.