■ BRIARPATCH LIMITED, L.P., et al., Appellants, v FRANKFURT GARBUS KLEIN & SELZ, P.C., et al., Respondents. [787 NYS2d 267]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 22, 2003, which dismissed the complaint, unanimously affirmed, with costs.

To the extent that plaintiffs' claims rely on the assertion that defendant counsel improperly withheld documents prior to February 14, 2000, they are barred by collateral estoppel, in light of the denial of plaintiffs' motion in a separate action to hold these defendants in contempt for this same wrong. The allegedly wrongful withholding of documents and information relating to the sale of certain rights to Constantin Film was specifically argued during the contempt hearing. Estoppel is warranted because of both the identity of issues between the instant claims and the prior proceeding, and a full and fair opportunity in that earlier litigation to contest the alleged wrongfulness of the failure to turn over documents (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]), based on plaintiff Rubin's sufficient knowledge of many of the facts he now alleges.

Furthermore, plaintiffs' claims for breach of fiduciary duty, fraudulent concealment and constructive fraud were properly dismissed, as plaintiffs have not pleaded sufficient facts to demonstrate any fiduciary duty owed to plaintiffs, or any relationship approaching privity (*Gaidon v Guardian Life Ins. Co. of Am.*, 255 AD2d 101 [1998], *mod on other grounds* 94 NY2d 330 [1999]; *see also Rabouin v Metropolitan Life Ins. Co.*, 307 AD2d 843, 844 [2003]). It is not alleged that defendants represented the partnership or plaintiff Rubin, a limited partner. Nor is it alleged that defendants represented the general partner, except to the extent they represented individuals who formed the partnership and who controlled certain companies that constituted general partners. Even if defendants had represented the partnership or the general partner, they would not have owed a fiduciary duty to plaintiff, a limited partner (*see Estate of Ginor v Landsberg*, 960 F Supp 661, 672 [SD NY 1996], *affd* 159 F3d 1346 [2d Cir 1998]; *Quintel Corp., N.V. v Citibank, N.A.*, 589 F Supp 1235, 1239-1242 [SD NY 1984]).

Plaintiffs' claims for fraud, aiding and abetting fraud, conspiracy to defraud and violation of Judiciary Law § 487 were not pleaded with sufficient particularity. The only alleged misrepresentation concerned a letter from defendant Selz to a third party, on which plaintiffs cannot and do not claim reliance (*see Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 73-74 [1990]). The omissions claimed by plaintiffs are largely precluded by the prior decision finding defendants not in contempt for their failure to turn over documents. Additionally,

plaintiffs' assertions of scienter are conclusory, lacking sufficient facts to support such an inference (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 554 [1985]; *Giant Group v Arthur Andersen LLP*, 2 AD3d 189, 190 [2003]).

Similarly, those causes of action alleging theories of aiding and abetting a conspiracy are, again, insufficient, inasmuch as the allegations of defendants' actual knowledge of former clients' wrongful conduct are conclusory, and the facts do not support such an inference (*see Lenczycki v Shearson Lehman Hutton*, 238 AD2d 248 [1997], *lv dismissed in part and denied in part* 91 NY2d 918 [1998]; *Nemenyi v Raymond Intl.*, 22 AD2d 657 [1964]; *Jaros v Floersheimer*, 5 AD2d 986 [1958]).

Finally, the court properly dismissed plaintiffs' punitive damages claim, as the alleged wrong was not directed against the general public, no fiduciary relationship existed, and it did not rise to the level of "such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon*, 10 NY2d 401, 405 [1961]). Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.