Appeal from order, Supreme Court, New York County (Paul Wooten, J.), entered October 5, 2011, which granted defendants’ motion to dismiss the complaint, deemed appeal from judgment, same court and Justice, entered October 6, 2011, dismissing the complaint (CPLR 5520 [c]), and, so considered, the judgment is unanimously reversed, on the law, without costs, the judgment vacated, and the cause of action for breach of contract reinstated.
The complaint alleges that, pursuant to a written retainer agreement with plaintiff, defendant Kroll Associates, Inc., a private investigative firm, prepared a report on certain individuals connected with a business in which plaintiff was considering investing some $20 million. The single-spaced, 76-page report summarized a substantial amount of information about the individuals in question. However, it failed to include three articles, all published nine or more years earlier and available in the Lexis/Nexis database, that disclosed material negative information about the individuals.
These allegations fail to state causes of action for fraud and gross negligence. They indicate, at the most, errors or simple oversight on defendant’s part, and do not give rise to an inference of fraudulent intent (see Giant Group v Arthur Andersen LLP, 2 AD3d 189 [1st Dept 2003]). Further, there are no allegations to support a finding that defendant had any duty to plaintiff outside of the contract (see Sommer v Federal Signal Corp., 79 NY2d 540, 551-552 [1992]). Moreover, the overlooking of a few articles in an otherwise massive and fruitful search does not “smack[ ] of intentional wrongdoing” so as to evince gross negligence (see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 683-684 [2012]).
However, the complaint states a cause of action for breach of contract. In the retainer agreement, defendant undertook to *484 conduct a “comprehensive” search for relevant information and to conduct the investigation under the direction of plaintiffs counsel. Given the vagueness of the term “comprehensive” and the fact that some allegedly material articles were missed, it cannot be said as a matter of law that defendant did not breach the contract. We note that this claim is subject to the limitation of liability clause in the retainer agreement, which limits any recovery to the fees plaintiff paid defendant. Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ. [Prior Case History: 2011 NY Slip Op 32599(17).]