■ KATHERINE PRIESTLEY, Respondent-Appellant, v PANME-DIX INC. et al., Defendants, and BALLON, STOLL, BADER & NADLER, PC, et al., Appellants-Respondents. [23 NYS3d 171]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered January 28, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff leave to amend the complaint to add Theodore Weitz and Ballon, Stoll, Bader & Nadler, P.C. as defendants and to assert a claim for aiding and abetting a fraudulent conveyance, and denied plaintiff leave to amend the complaint to assert a cause of action for tortious interference with the collection and enforcement of a money judgment, unanimously modified, on the law, to grant plaintiff leave to assert the tortious interference with the collection and enforcement of a money judgment claim, and otherwise affirmed, without costs.

While defendants argue that plaintiff's motion was not timely, they do not indicate that they suffered "prejudice or surprise" as a result (*360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 553 [1st Dept 2011]). In any event, the record supports a finding that plaintiff moved to amend the complaint shortly after the judgment became final.

Plaintiff is entitled to amend the complaint to assert a claim for aiding and abetting fraud, since her allegations are not

"palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]). Moreover, the proposed allegations are sufficient under CPLR 3016 (b), since they support an inference of defendants' actual intent to defraud (*cf. Wildman & Bernhardt Constr. v BPM Assoc.*, 273 AD2d 38, 38-39 [1st Dept 2000]; *Rabouin v Metropolitan Life Ins. Co.*, 307 AD2d 843, 844 [1st Dept 2003]; *National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1st Dept 1987], *lv denied* 70 NY2d 604 [1987]).

Under New York law, there exists a common law cause of action for tortious interference with enforcement of a judgment (*Quinby v Strauss*, 90 NY 664 [1882]; *James v Powell*, 25 AD2d 1, 2 [1st Dept 1966], *revd on other grounds* 19 NY2d 249 [1967]; *Strachman v Palestinian Auth.*, 73 AD3d 124 [1st Dept 2010], *appeal withdrawn* 16 NY3d 796 [2011]). We find further that, because plaintiff possessed a valid judgment at the time of the fraudulent conveyance, she was not required to also have a lien on the property to enforce this claim (*James* at 2). Nor is the tortious interference claim preempted by the Debtor and Creditor Law, since the allegations extend beyond the defendants' fraudulent conveyance of the security interest, and plaintiff seeks affirmative relief for defendants' fraudulent conduct, not merely the setting aside of the conveyance. Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.