Smith v Founders Entertainment LLC (2023 NY Slip Op 02291)

Smith v Founders Entertainment LLC

2023 NY Slip Op 02291

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 153677/19, 595021/22 Appeal No. 157 Case No. 2022-02219 

[*1]Timothy Smith, Plaintiff-Appellant,
v
Founders Entertainment LLC, Defendant-Respondent.
Founders Entertainment LLC, Third-Party Plaintiff-Respondent,
v
Theatrical Resources, LLC, et al., Third-Party Defendants-Respondents.

Eleftherakis, Eleftherakis & Panek, New York (Oliver R. Tobias of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for Mountain Productions, Inc., respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 15, 2022, which denied plaintiff's motion for leave to amend the complaint to assert direct claims against third-party defendants Theatrical Resources, LLC and Mountain Productions, Inc., unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff was entitled to amend his complaint to assert direct claims against Theatrical and Mountain as the claims were not devoid of merit or palpably insufficient (CPLR 3025[b]); see Priestly v Panmedix Inc., 134 AD3d 642, 642-643 [1st Dept 2015]). The third-party complaint by defendant third-party plaintiff Founders Entertainment, Inc. alleged the existence of contracts with Mountain and Theatrical to perform work at the site where plaintiff was allegedly injured by a falling steel beam, and Mountain and Theatrical's proposed answers, cross-claims, and counterclaims to the proposed amended complaint also admitted the existence of those contracts. Indeed, neither Mountain nor Theatrical have denied the existence of a contract providing that they would supply services to the Governor's Ball at the time of the accident. Nor have Mountain or Theatrical asserted that they were prejudiced by the proposed amendment, and the motion for leave to amend was filed within a few days of the filing of the third-party complaint (see St. Nicholas W. 126 L.P. v Republic Inv. Co., LLC, 193 AD3d 488, 489 [1st Dept 2021]); Theatrical has not appeared on this appeal.
Although the proposed amended pleadings were verified only by counsel, the existence of the relevant contracts was within counsel's knowledge since the contracts were attached as exhibits to the proposed amended complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023