■    SCHENECTADY DISCOUNT CORPORATION, Respondent, v. J. BENSON MYERS et al., Appellants.— Appeal by the defendants from a judgment of the Supreme Court, Albany County, in favor of the plaintiff, entered upon a decision by the court rendered after a trial without a jury. The corporate defendant was an automobile dealer; the individual defendant was its president; the plaintiff was a finance company. The individual defendant and the corporate defendant separately executed agreements guaranteeing payment of all promissory notes and conditional sales contracts which might be assigned to the plaintiff by the corporate defendant. The corporate defendant assigned to the finance company a promissory note and conditional sale contract purporting to have been executed by Michael and Pasquale Russo. The Russos defaulted in payment and this action was brought against them on their principal obligation and against the defendants on their guarantees. The defendants pleaded a general release given to them by the plaintiff, in connection with a general settlement of their affairs, in consideration of the payment by them of $5,000. It appears that the general release had been sent to the defendants' attorney by the plaintiff's attorney, inclosed in a letter which stated that there was annexed to the release a list of all the actions instituted against the defendants "with the exception of that involving a claim against Michael and Patsy Russo, in which situation a defense of forgery has been interposed by Patsy Russo and, as I advised you earlier, would not be included in this settlement." The letter stated that the release was to be held in escrow pending payment of the final installment of $500 upon the $5,000 settlement. This amount was later paid and the plaintiff's attorney acknowledged receipt of the final payment by letter to the defendants' attorney which stated that: "While this balance is some nine months late, I have recommended accepting the same pursuant to our agree-

ment on the following two conditions: 1. That the action involving Michael Russo in which the defense of forgery was raised * * * be excluded. Unless I hear from you to the contrary, I shall assume that this understanding is satisfactory and shall then have the check deposited." The defendants' attorney replied by letter that " As to the Michael Russo claim, it isn't covered and it will have to be worked out at a later date." Despite this correspondence, the defendants maintained that the release covered the Russo transaction. It was their contention that the release could not be modified by extrinsic evidence and that therefore no recovery could be had in this action on the guarantee given by the defendants. The trial court correctly rejected this contention. The general release and the letter which accompanied it must be read together. This does not involve any violation of the parol evidence rule (Restatement, Contracts, §§ 228, 237). Judgment appealed from affirmed, with costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.