■ LAYANA TOULOUMIS, Respondent, v ANDRE A. CHALEM,

Appellant.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered May 6, 1988, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, and the motion granted, without costs.

Plaintiff claims that on May 10, 1986 defendant punched and kicked her, causing her physical injuries, requiring hospitalization and medical bills totaling $2,400. Criminal charges were brought against the defendant as a result of this incident. However, these charges were dropped after defendant paid plaintiff $2,400 to cover her medical expenses. In addition, the parties executed a general release in a standard form whereby plaintiff released defendant from "all actions, causes of action, suits, debts, dues, sums of money * * * damages * * * claims, and demands whatsoever" dated March 24, 1987.

Thereafter, plaintiff retained an attorney and on October 2, 1987 instituted the instant civil action against the defendant seeking to recover for the injuries sustained in this incident. Defendant moved to dismiss the complaint based on the release.

Plaintiff concedes that she executed the release, but she claims that it should be void on the grounds of mutual mistake, fraudulent inducement, and/or inadequate consideration.

In support of her claim, plaintiff alleges, without any evidentiary detail, that she believed that she was only releasing the defendant from criminal charges when she signed the release. She claims that she entered into the release only upon the urging of the District Attorney's office and, therefore, believed that its only purpose was to effect the dropping of criminal charges.

The IAS court denied defendant's motion because it found that there were disputed issues of fact as to plaintiff's claims. However, a review of the record reveals that plaintiff has failed to submit proof sufficient to raise a triable issue in support of her claim as to the intended limited scope of the release. Accordingly, the terms of that release serve as a bar to this action.

A release may not be treated lightly. "It is a jural act of high significance without which the settlement of disputes would be rendered all but impossible. It should never be converted into a starting point for renewed litigation except under circumstances and under rules which would render any other result a grave injustice. It is for this reason that the traditional bases for setting aside written agreements, namely,

duress, illegality, fraud, or mutual mistake, must be established or else the release stands. In the instance of mutual mistake, the burden of persuasion is on the one who would set the release aside" *(Mangini v McClurg,* 24 NY2d 556, 563).

Here, plaintiff has not met her burden of demonstrating mutual mistake. From the document itself, there can be no mistaking the civil import of the release. The record contains two separate and distinct documents executed by the plaintiff. The first, dated March 19, 1987, is a sworn letter to the District Attorney in which the plaintiff agreed to drop the criminal charges against defendant. The general release here at issue is a second, separate writing, executed the following week, on March 24, 1987. This can hardly be construed as evidence supporting plaintiff's claim that she believed that the release effected the dropping of criminal charges only.

Furthermore, there can be no mistaking the clear terms of the general release. It is a Blumberg form which states, in clear terms, that defendant is released from "all actions, causes of action, suits, debts * * * damages * * * claims, and demands whatsoever". Plaintiff signed this document and, having willfully subscribed it, cannot be said to have misunderstood its terms. A party is under an obligation to read a document before he or she signs it, and one cannot generally avoid the effect of a release upon the ground that he or she did not read it or know its contents *(see, Pimpinello v Swift & Co.,* 253 NY 159). One who enters into a plain and unambiguous contract cannot avoid the obligation by merely stating that he erred in understanding its terms, and relief from the terms of a release on this claimed ground may be granted only upon a showing of certainty of the error *(Matter of Bedell,* 176 Misc 913). Here, plaintiff's vague and conclusory allegations of error are insufficient to demonstrate a mutual mistake which would void the release.

As to plaintiff's claim of inadequacy of consideration, there is no support in the record to void the release on that basis. She cannot claim that there was no consideration since defendant paid her $2,400 for her medical expenses. In any event, a release which is in writing cannot be invalid for the absence of consideration (General Obligations Law § 15-303; *see also, Pratt Plumbing & Heating v Mastropole,* 68 AD2d 973).

Finally, plaintiff's claim with regard to fraud is also insufficient. In order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish

a prima facie case. *(Matter of O'Hara,* 85 AD2d 669.) Here, plaintiff has not established the essential element of a material misrepresentation. She merely asserts that she was told (by an unnamed person, presumably in the District Attorney's office) that it would be necessary for her to sign the release in order to release defendant from criminal charges. Nowhere does plaintiff claim that defendant made such representation, nor is it demonstrated that there was any justifiable reliance which would establish fraud. There is no allegation that plaintiff did not, or could not, read the plain language of the release and that she only signed it based upon another's misrepresentation.

Since plaintiff has failed to demonstrate sufficient grounds to invalidate the release, its terms stand as a bar to this action, and the motion to dismiss is granted. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.