■ In the Matter of Maureen Barrow, Appellant, v Andrew Penn, Respondent. [669 NYS2d 452] —Carpinello, J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered April 19, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support, and (2) from an order of said court, entered February 17, 1997, which, *inter alia*, denied petitioner's motion to resettle the prior support order.

On September 19, 1995, petitioner filed a paternity petition seeking a declaration that respondent was the father of her son born on August 11, 1995 and also seeking child support "retroactive to the date of the petition, or, in the court's discretion, the date of birth of the child". A paternity hearing was scheduled for April 17, 1996. It is undisputed that petitioner did not attend this hearing, which proceeded in her absence.

Terence O'Leary, an attorney who represented petitioner in a custody proceeding between the parties, was mistakenly notified of, and attended, this hearing; notably, O'Leary did not represent petitioner in the paternity/child support matter. Nevertheless, after being informed by Family Court of the error in notifying him of the hearing and of the court's lack of authority to assign him as counsel in the instant matter, O'Leary indicated, "I'm here and will appear on behalf of [petitioner]." After respondent admitted paternity, O'Leary and respondent's attorney entered into a stipulation fixing child support.

Shortly after learning of the child support stipulation, petitioner contacted O'Leary and objected to it; whereupon she was informed by him that he was not her attorney in that matter and that she should direct her objections to Family Court, which she promptly did via an ex parte, *pro se* letter. After the court refused to "reopen[ ] the support matter for further consideration by the court, in the absence of a proper application", petitioner, at the suggestion of Family Court, contacted

O'Leary and requested that he communicate with respondent's counsel in an effort to resolve the matter or make a proper application to Family Court. For reasons unclear from the record, O'Leary was unable "to resolve the matter", prompting petitioner to file a "modification" petition.

Appropriately construing petitioner's application as requesting the alternative relief of either vacatur and/or resettlement of the April 19, 1996 order or modification of child support, Family Court ultimately denied her request to vacate or resettle the order and referred the modification issue to a Hearing Examiner. Petitioner appeals from this order, as well as the April 19, 1996 order.[1]

Despite what appears to have been a fair resolution of respondent's *prospective* child support obligations, we are constrained to find that Family Court erred in denying petitioner's motion to vacate the April 19, 1996 order. It is beyond cavil that an attorney may not settle a claim without appropriate client authority, either express or implied (*see*, *Hallock v State of New York*, 64 NY2d 224, 230-231). If an attorney was without authority to enter into a settlement, "no contract ever came into being" (*id.*, at 230). In our view, O'Leary had neither actual nor apparent authority to enter into the stipulation on petitioner's behalf regarding the child support.

It is clear from the record that O'Leary did not represent petitioner in the paternity/child support matter prior to his self-appointment as such (in her absence) and obviously had never conferred with her about child support issues (*cf.*, *Meyer v Meyer*, 228 AD2d 955, 956, *lv dismissed and lv denied* 88 NY2d 1062).[2] Not only was petitioner absent when the stipulation was entered into, she promptly took affirmative steps to object to it when she learned of its existence (*cf.*, *Newman v Holland*, 178 AD2d 866, 867). An attorney derives authority to manage the conduct of litigation on behalf of a client "[f]rom the nature of the attorney-client relationship itself" (*Hallock v State of New York, supra*, at 230). Here, petitioner, being unaware of any attorney-client relationship between herself and O'Leary vis-à-vis child support issues, could not have granted him authority to settle the matter.

Nor can respondent credibly argue that he reasonably relied

---

**1.** Petitioner's appeal from the April 19, 1996 order must be dismissed as untimely (*see*, CPLR 5513 [a]).

**2.** The lack of any prior discussions between O'Leary and petitioner concerning financial and/or child support matters was readily apparent when O'Leary candidly acknowledged during the hearing that he was unaware of petitioner's employment status.

on O'Leary's "actual, if not apparent authority" to bind petitioner (see, id., at 231-232; *Buckingham Mfg. Co. v Koch*, 194 AD2d 886, *lv denied* 82 NY2d 658). Respondent was aware that petitioner was absent from the hearing and that O'Leary had not, prior to that day, represented her in this particular matter. Since petitioner was not present when O'Leary *sua sponte* volunteered to represent her, respondent could not reasonably rely on any appearance of authority on O'Leary's part to resolve the matter in her absence.

In light of this Court's findings, we need not address the remaining contentions advanced by petitioner.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the appeal from the order entered April 19, 1996 is dismissed, without costs. Ordered that the order entered February 17, 1997 is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.