■ NORMAN A. GOLDBERG, Appellant, v STANLEY A. MOSKOWITZ et al., Respondents. [691 NYS2d 447] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered September 8, 1998, which, upon the prior grant of the respective motions of defendants Stanley A. Moskowitz, Michael A. Leichtling, Parker Chapin Flattau & Klimpl, L. L. P., Jeffrey A. Goldberg, and Tab K. Rosenfeld to dismiss the complaint, awarded said defendants judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 9, 1998, which, inter alia, granted the motions of the aforesaid defendants to dismiss the complaint as against them, unani-

mously dismissed, without costs, as superseded by the appeal from the ensuing judgment. Order, same court and Justice, entered on or about August 28, 1998, which granted the motion of defendant, Anthem Financial, Inc., to dismiss the complaint as against it, unanimously affirmed, without costs.

Plaintiff's causes to set aside the February Transaction and the June Release based upon his claims of incapacity and unconscionability were properly dismissed since plaintiff sought out and was represented by counsel during the relevant period and was not deprived of a meaningful choice respecting his decision to enter either agreement (*see, Matter of Bobst*, 234 AD2d 7, *lv dismissed* 90 NY2d 844; *see also, Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10). Pursuant to the terms of the June Release, plaintiff waived any claims he may have had against the Execulease defendants (Moskowitz, Leichtling, Goldberg), as well as defendants Parker Chapin and Anthem arising out of the February Transaction. While plaintiff's claims against his attorney for breach of fiduciary duty and breach of contract were not redundant of his legal malpractice claim, their dismissal was nonetheless proper. Plaintiff's breach of fiduciary duty claim based on his counsel's alleged misappropriation of $100,000 is flatly contradicted by documentary evidence (*see, Fisher v Maxwell Communications Corp.*, 205 AD2d 356), and his breach of contract claim fails to contain an allegation that his counsel breached a promise to achieve a specific result (*see, Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35). Plaintiff failed to allege facts sufficient to support application of the continuous representation doctrine (*see, Zaref v Berk & Michaels*, 192 AD2d 346, 347-348), and, that being the case, the court properly dismissed plaintiff's legal malpractice claim as time-barred under the applicable three-year Statute of Limitations. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.