■ VLADIMIR SHKLOVSKIY et al., Appellants-Respondents, v LATIFF KHAN, Respondent-Appellant, et al., Defendant. [709 NYS2d 208] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 1, 1999, as granted the motion of the defendant Latiff Khan to dismiss the first and fourth causes of action, and the defendant Latiff Khan cross-appeals from so much of the same order as granted the plaintiffs' cross motion to dismiss his counterclaim.

Ordered that the order is affirmed, with costs.

Releases are contracts and their interpretation is governed by principles of contract law. Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed (*see, Stone v National Bank & Trust Co.,* 188 AD2d 865; *Mergler v Crystal Props. Assocs.,* 179 AD2d 177, 178). A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake (*see, Mangini v McClurg,* 24 NY2d 556; *L & K Holding Corp. v Tropical Aquarium,* 192 AD2d 643; *Stone v National Bank & Trust Co., supra*).

In the case at bar, the injured plaintiff executed two documents contemporaneously. He claims that one of the documents he executed, the release relied upon by the defendant Latiff Khan, was obtained by fraud in that he could not read English and, when he asked Khan to read and explain the documents, Khan purportedly told him that they were merely receipts.

To avoid a release on the ground of fraud, a party must allege every material element of that cause of action with specific and detailed evidence in the record sufficient to establish a prima facie case (*see, Touloumis v Chalem,* 156 AD2d 230; *Matter of O'Hara,* 85 AD2d 669, 670). In addition, a party will not be excused from his failure to read and understand the contents of a release. A party who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms. Persons who are illiterate in the English language are not automatically excused from complying with the terms of a contract which they sign simply because they could not read it. Such persons must make a reasonable effort to have the contract read to them (*see, Sofio v Hughes,* 162 AD2d 518).

We reject the plaintiffs' contention that the release relied upon by Khan was obtained by fraud. Although the injured plaintiff claimed he was misinformed about the nature of this document, in light of the fact that he claims that the other document he signed contemporaneously therewith was a valid release of Khan's counterclaim, his argument lacks merit. Thus, the Supreme Court properly upheld the validity of both releases. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.