■ CARLA R. SINDELAR et al., Appellants, v TERRY L. HAWLEY et al., Defendants. ZIFF, WEIERMILLER, HAYDEN & MUSTICO, L.L.P., Respondent. [736 NYS2d 175] —Crew III, J. Appeal from an order of the Supreme Court (Castellino, J.), entered August 11, 1999 in Chemung County, which granted the motion of Ziff, Weiermiller, Hayden & Mustico, L.L.P. for legal fees.

In February 1990, plaintiff Carla R. Sindelar was involved in an automobile accident in the City of Elmira, Chemung County, as the result of which she received severe and permanent injuries. Thereafter, her father, plaintiff Robert J. Sindelar (hereinafter Sindelar), retained Bertram Ziff of the law firm of Ziff, Weiermiller, Hayden & Mustico, L.L.P. to represent him and his daughter in a personal injury action. The action ultimately was settled for $255,000, and the proceeds of the settlement were placed in an escrow account.

On June 17, 1999, Ziff moved for an order directing the escrow agent to remit $25,000 for services rendered in connection with the personal injury action. Ziff averred, in a supporting affidavit, that he had orally agreed to accept $25,000 as a fee in lieu of his usual one-third contingency fee and, in support thereof, produced a sworn statement, signed by Sindelar, in which he acknowledged the agreed-upon fee of $25,000 for services rendered in connection with the personal injury action. Supreme Court granted the motion and Ordered the funds released. Plaintiffs now appeal and we affirm.

In urging a reversal, plaintiffs point out that there is no

written retainer agreement binding Sindelar to the disputed fee and urges this Court to reject Sindelar's sworn statement because he failed to read it before signing. This we decline to do. It is axiomatic that "a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304). Sindelar has proffered no excuse, valid or otherwise, for his alleged failure to read his sworn statement. We have considered plaintiffs' remaining contentions and find them equally without merit.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.