■ RAYMOND G. MORBY, Respondent, v DI SIENA ASSOCIATES, LPA, et al., Appellants. [737 NYS2d 678] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 29, 2001 in Saratoga County, which, inter alia, granted plaintiff's motion to set aside a release and strike defendants' second affirmative defense.

On October 12, 1998, while repairing the roof of a commercial building owned by defendant Di Siena Associates, LPA and located at 131 Round Lake Avenue in the City of Mechanicville, Saratoga County, plaintiff fell off a ladder sustaining personal injuries. Nine months later, after the repair work had been

completed and while the parties were engaged in discussions about payment of the balance due plaintiff for this and another construction job performed on defendants' behalf, plaintiff signed a two-page release which stated unequivocally that he was discharging "any and all claims for personal injury that occurred on the parcel[ ] of real property located at 131 Round Lake Avenue, City of Mechanicville, Saratoga County." A year after signing the release, and after Di Siena Associates sued plaintiff for defective workmanship, plaintiff commenced this action against defendants to recover for the injuries he sustained from the fall.

In his complaint, plaintiff seeks to set aside the release on the ground of fraud, claiming that defendant Angela J. Di Siena represented to him that the release he signed was a "labor and materials release." Defendants answered, asserting that this action is barred by the release. At issue on this appeal is an order of Supreme Court granting plaintiff's motion to set aside the release and strike this defense and denying defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

We begin by noting that the language of the two-page release is clear and unambiguous; thus, its signing by plaintiff was "a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935, quoting *Mangini v McClurg*, 24 NY2d 556, 563). Moreover, "[i]n order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case" (*Touloumis v Chalem*, 156 AD2d 230, 232-233; *see, Shklovskiy v Khan*, 273 AD2d 371, 372). Here, the basis of plaintiff's allegations of fraud are purported misrepresentations made by Di Siena concerning the precise nature of the release. According to plaintiff, however, he signed the document without reading it.

To this end, it is well established that "[a] party who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms" (*Shklovskiy v Khan, supra* at 372; *see, Gale Assoc. v Hillcrest Estates*, 283 AD2d 386, 387; *Sofio v Hughes*, 162 AD2d 518, 519, *lv denied* 76 NY2d 712). Thus, here, even accepting as true plaintiff's allegations concerning the misrepresentations by Di Siena, a reading of the simple, straightforward document would have readily advised him that he was indeed discharging all claims against defendants for "personal injury" that occurred on their property (*see, Verstreate v Cohen*, 242 AD2d 862, 863). Having failed to read the release before signing it, plaintiff simply cannot es-

tablish the essential element of justifiable reliance (*see, Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762; *see generally, New York City School Constr. Auth. v Koren-DiResta Constr. Co.*, 249 AD2d 205, 205-206). Said differently, the allegedly fraudulent misrepresentation by Di Siena could have been readily discovered upon the reading of the document, and plaintiff cannot now avoid his obligations under a release he did not read merely by asserting that he "thought" it was something else (*see generally, DeQuatro v Zhen Yu Li*, 211 AD2d 609).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, plaintiff's motion to set aside the release and strike defendants' second affirmative defense denied, defendants' cross motion to dismiss granted and complaint dismissed.