■ In the Matter of TRANSTATE INSURANCE COMPANY. DWECK SLADKUS, Doing Business as OMNI PROPERTIES, Respondent-Appellant; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as liquidator of TRANSTATE INSURANCE COMPANY, Appellant-Respondent. [747 NYS2d 243]

Before going into liquidation, Transtate Insurance Company

(hereinafter Transtate) issued to Dweck Sladkus, doing business as Omni Properties (hereinafter Omni), a commercial general liability policy which covered several entities in connection with Omni's ownership of certain real property. One of the entities covered under the policy was Bronxville Properties, Inc. (hereafter Bronxville), which owned certain real property improved with two separate apartment buildings. In May 1997 the subject property was damaged by fire. After a delay in adjusting the loss, Transtate offered a settlement of damages in the amount of $182,159.35, and thereafter went into liquidation. Omni accepted the settlement, which it claims did not include certain damages, rather than await the outcome of the liquidation proceeding for payment. In addition, Omni executed a release which, on its face, barred any future claims associated with the loss. However, accompanying the release was a letter from Omni to Transtate stating that the release did not cover "undiscovered losses which may be discovered or disclosed during the course of the reconstruction." Bronxville thereafter brought an action against Transtate for the alleged remaining damages on breach of contract and bad faith theories, loss of rent, deceptive business practices pursuant to General Business Law § 349 by engaging in unfair settling practices in violation of Insurance Law § 2601, and economic duress. The action was stayed due to the liquidation, and the claims were placed before the liquidator, the Superintendent of Insurance of the State of New York (hereinafter the Superintendent). Omni essentially alleged that it was forced to execute the release, but that the release was nonetheless limited by its letter which accompanied it. The Supreme Court partially granted the Superintendent's cross motion, dismissing only the claims asserted by Omni to recover damages under General Business Law § 349 and for economic duress.

The Superintendent contends that the Supreme Court erroneously relied upon parol evidence, that is, Omni's letter accompanying the release, in finding the existence of issues of fact as to whether the release executed by Omni was either a general or limited release. We disagree.

As a general matter, the interpretation of a written release is within the province of the court and, if the language of the release is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (see *Chimart Assoc. v Paul,* 66 NY2d 570; *Shklovskiy v Khan,* 273 AD2d 371, 372). However, because the release was accompanied by Omni's letter stating that it did not cover certain claims, the Supreme Court did not

violate the parol evidence rule by reading the two together (*see Schenectady Discount Corp. v Myers,* 5 AD2d 728, 729).

However, when the release and letter are read together, contrary to the parties' contentions, the only claim reserved by Omni was that stated in its first cause of action, as it relates to any undiscovered losses disclosed during the course of the reconstruction. Therefore, while the Supreme Court properly dismissed the claims as asserted in the third and fourth causes of action in the complaint, it erred in failing to dismiss the claim for loss of rent asserted in the second cause of action in the complaint, and the first cause of action except as it relates to any undiscovered losses which are disclosed during the course of the reconstruction of the subject property.

Omni's remaining contentions are without merit. Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.