(January 26, 2006)

■ BEATRIZ FUENTES, Appellant, v GEORGE ALUSKEWICZ et al., Respondents. [808 NYS2d 739]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 22, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint based on a release.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages alleg-

edly sustained in a fall down a flight of stairs at premises owned by the defendants. The defendants moved to dismiss the complaint on the ground that the plaintiff had been tendered a check in the sum of $1,000 for her injuries and had signed a general release. The Supreme Court granted the motion. We reverse.

The defendants' motion was made pursuant to CPLR 3211 (a) (5). However, the parties charted a summary judgment course (*see Matter of Weiss v North Shore Towers Apts. Inc.,* 300 AD2d 596 [2002]). Thus, we apply the standard applicable to motions for summary judgment.

Here, the defendants demonstrated a prima facie entitlement to judgment as a matter of law by proffering the signed general release. However, in opposition, the plaintiff raised a triable issue of fact as to the enforceability of the release (*see generally Mangini v McClurg,* 24 NY2d 556 [1969]). The plaintiff did not deny that she signed the release document, which was in English, and that she was tendered a check in the sum of $1,000. However, she averred that her comprehension of written English was poor, as it was not her first language and that the insurance company representative who obtained her signature did not identify the document as a release or explain its legal significance to her, but rather told her that it was "just an insurance company form to show that the representative had met with [her]." Indeed, the plaintiff asserted that when her daughter informed her of the true nature of the document, shortly after it was signed, she refused to cash the check and contacted an attorney. Consequently, the defendant's motion should have been denied. Cozier, J.P., Ritter and Spolzino, JJ., concur.

Lunn, J., dissents and votes to affirm the order, with the following memorandum: Because the Supreme Court's conclusion regarding the enforceability of the release executed by the plaintiff was correct, I respectfully dissent.

The plaintiff claimed to have sustained personal injuries on January 1, 1999, after falling down a flight of stairs at premises owned by the defendants. The plaintiff resided at the premises as a tenant of the defendants. On August 3, 1999, upon receiving a check from a representative of the defendants' insurance carrier in the sum of $1,000, the plaintiff executed a general release in favor of the defendants. Subsequently, the defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the basis of the release. The plaintiff opposed dismissal, maintaining that she did not adequately understand what she had executed.

A release is a contract and its construction is governed by

contract law (*see Mangini v McClurg,* 24 NY2d 556 [1969]). A party who executes a contract, including a release, is presumed to know its contents and to assent to them (*see Holcomb v TWR Express, Inc.,* 11 AD3d 513, 514 [2004]). A release will not be treated lightly and will be set aside by a court only for duress, illegality, fraud, or mutual mistake (*see Shklovskiy v Khan,* 273 AD2d 371, 372 [2000]). A release will not automatically be set aside because the party to be charged either did not read it or was unable to read it (*see Holcomb v TWR Express, Inc., supra; Shklovskiy v Khan, supra*). A party hindered by a language barrier or other claimed disability must instead make a reasonable effort to have the document read to him or her prior to signing it (*see Shklovskiy v Khan, supra; Sofio v Hughes,* 162 AD2d 518 [1990]). In this case, no such effort was undertaken. A party who signs a document without any valid excuse for not having read it is "conclusively bound" by its terms (*Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11 [1988]). The Supreme Court, therefore, properly upheld the validity of the release.

Contrary to the majority, I reject the plaintiff's contention that the release was obtained by fraud. The plaintiff's claim in her affidavit submitted in opposition to the defendants' motion that the insurance company representative misrepresented the nature of the document merely raised a feigned factual issue designed to avoid the consequences of her earlier deposition testimony (*see Jimenez v T.J. Maxx, Inc.,* 17 AD3d 638 [2005]; *Columbus Trust Co. v Campolo,* 110 AD2d 616 [1985], *affd* 66 NY2d 701 [1985]). At her deposition, the plaintiff testified that she understood the document to mean that it was an understanding by the insurance company that she had been injured very badly and the insurance company was recognizing the injury. Moreover, the plaintiff testified that she could not remember exactly what the insurance company representative told her about the release before she signed it.

The plaintiff's remaining contentions either are not preserved for appellate review or are without merit.