■ JOHN G. YOUNG, Appellant, v ROGER ROSS WILLIAMS, Respondent. [850 NYS2d 262]—

Mercure, J.P. Appeal from an order of the Supreme Court (Coccoma, J.), entered December 1, 2006 in Delaware County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 1999, the parties, who were domestic partners, purchased a residence in the Town of Roxbury, Delaware County for approximately $175,000, taking title as tenants in common. Although the parties had a tumultuous relationship, for approximately two years they hosted home visits and mentored a young child in foster care. The parties were pursuing a joint adoption of the child in 2004, but were both forbidden from having any further contact with the child following plaintiff's revelation to a caseworker that he is a "sexual compulsive," that is, a "sex addict" who cannot "control his sexual actions." Thereafter, the parties' relationship continued to deteriorate until they separated in February 2005.

Upon their separation, the parties orally agreed that plaintiff would convey his interest in their residence to defendant in return for $35,000 and defendant's satisfaction of a home equity line of credit taken solely in plaintiff's name against the property in the amount of $58,106.42. Plaintiff conveyed his interest in the subject property to defendant by deed in March 2005. The parties also exchanged general releases in July 2005 relinquishing their respective rights to pursue any causes of action against each other that arose prior to the signing of the release. In January 2006, the property was listed for sale at a price of $990,000, prompting plaintiff to commence this action alleging causes of action for fraud, undue influence, mutual and unilateral mistake, unconscionability, constructive trust and partition.

The gravamen of plaintiff's complaint was that he agreed to convey his interest in the subject property and sign the release in reliance upon defendant's promises that he would never sell the property and that he would adopt the child that the parties had mentored and raise him in the residence. Plaintiff sought

rescission of the general release benefitting defendant and, in addition, sought to void the underlying transaction, recovery of the fair market value of the property and punitive damages. Defendant answered and asserted counterclaims seeking, among other things, cancellation of the notice of pendency filed by plaintiff on the property. Supreme Court granted defendant's subsequent motion for summary judgment dismissing the complaint and vacating the notice of pendency, and denied plaintiff's cross motion for summary judgment. Plaintiff appeals and we now affirm.

It is well settled that "[w]here, as here, 'the language of a release is clear and unambiguous, the signing of a release is a "jural act" binding on the parties' and will . . . be set aside [only] . . . as a result of 'duress, illegality, fraud, or mutual mistake' " (*Gohar v Albany Hous. Auth.*, 288 AD2d 657, 658 [2001] [citations omitted]; *see Mangini v McClurg*, 24 NY2d 556, 563 [1969]). With respect to plaintiff's claim of fraud, we note that " '[i]n order to avoid a release on [that] ground[ ] . . . , a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case' " (*Morby v Di Siena Assoc.*, 291 AD2d 604, 605 [2002], quoting *Touloumis v Chalem*, 156 AD2d 230, 232-233 [1989]; *see Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]). The elements of a fraud claim are that " '(1) [the] defendant made a representation as to a material fact; (2) such representation was false; (3) [the] defendant[ ] intended to deceive [the] plaintiff; (4) [the] plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance [the] plaintiff sustained pecuniary loss' " (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [2007] [citation omitted]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). As relevant here, a misrepresentation may include " 'a present, but undisclosed, intent not to perform' " (*Van Kleeck v Hammond*, 25 AD3d 941, 943 [2006] [citation omitted]).

Plaintiff asserts that he delivered the release at issue in reliance upon defendant's assertions in e-mails that the release was necessary so that the child previously mentored by the parties could be adopted by defendant and raised in the subject property. Indeed, although none of the e-mails expressly states that defendant promised to adopt the child as consideration for the release, defendant concedes that he made statements that he knew to be false regarding his contact with the child—such as his assertions that he was exercising regular visitation with the child and that the child would be permitted to have home visits

with him if plaintiff signed the release.* In addition, defendant admits that he referred to the child in the e-mails in order to induce plaintiff to sign the release. Nevertheless, plaintiff does not dispute that it was his confession of his sexual compulsions to the child's caseworker that resulted in *both parties* being immediately banned from having any further contact with the child and thereby rendering any future adoption of the child by defendant impossible. Notwithstanding his knowledge that neither party was permitted to have any further contact with the child, plaintiff simply accepted defendant's assertions that he could continue home visits with the child without seeking any proof from defendant or taking any action to verify that the agency had reversed its adamantly-held position on the matter. Inasmuch as "a party [that] has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, . . . cannot claim justifiable reliance on [the] defendant's misrepresentations," plaintiff cannot establish justifiable reliance, a necessary element of fraud, under the circumstances presented herein (*Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]; *see Van Kleeck v Hammond*, 25 AD3d at 943; *Shultis v Reichel-Shultis*, 1 AD3d 876, 878 [2003]).

Moreover, with respect to the element of injury, "loss is computed by ascertaining the 'difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain.' Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained" (*Lama Holding Co. v Smith Barney*, 88 NY2d at 421 [citations omitted]). Here, plaintiff asserts that he released his claims against defendant in exchange for defendant's promise to adopt the child. Even assuming that plaintiff could establish the value of his claims against defendant, calculation of plaintiff's loss would essentially require us to determine the value to plaintiff of defendant's adoption of the child—a value that is both " 'undeterminable and speculative' " (*id.* at 422). In short, plaintiff has not demonstrated prima facie the elements of justifiable reliance and injury. Accordingly, the release cannot be set aside as

---

* Defendant further concedes that he investigated the possibility of pursuing a relationship with or adopting the child after his break-up with plaintiff, but abandoned his intent to do so when he was advised by his attorney in March 2005—after transfer of title to the subject property by plaintiff but prior to the e-mails sent to plaintiff regarding the release—that the foster care agency would not alter its decision prohibiting further contact between defendant and the child.

fraudulently obtained (*see Morby v Di Siena Assoc.*, 291 AD2d at 605-606; *Shklovskiy v Khan*, 273 AD2d at 372; *K3 Equip. Corp. v Kintner*, 233 AD2d 556, 558 [1996]; *see also Vermeer Owners v Guterman*, 78 NY2d 1114, 1116 [1991]).

Plaintiff's remaining arguments require little further discussion. His claim of mutual mistake fails in the face of the undisputed evidence that defendant was well aware of the foster care agency's decision continuing to forbid any further contact between defendant and the child. Any mistake by plaintiff regarding defendant's ability to adopt the child was therefore merely unilateral and insufficient to set aside the release under the circumstances of this case (*see Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369-370 [2007]; *Carney v Carozza*, 16 AD3d 867, 869 [2005]; *Vermilyea v Vermilyea*, 224 AD2d 759, 761 [1996]). We similarly reject plaintiff's claims that the release should be set aside on the grounds of undue influence and unconscionability; there is simply no evidence that plaintiff was "deprived of a meaningful choice respecting his decision to enter [into that] agreement" (*Goldberg v Moskowitz*, 262 AD2d 56, 57 [1999]; *cf. Gibli v Kadosh*, 279 AD2d 35, 40-41 [2000]). In any event, while plaintiff asserts that it is unconscionable to permit defendant to profit from plaintiff's desire to benefit the child, we agree with Supreme Court that the transaction that *plaintiff* sought to effect—essentially paying defendant to adopt the child—is against public policy. "A child is not a chattel to be bought or sold" (*Matter of Anonymous*, 286 App Div 161, 166 [1955], *lv denied* 286 App Div 968 [1955] [citations omitted]; *see Matter of Michelle W. v Forrest James P.*, 218 AD2d 175, 179 [1996]).

In the absence of any triable issues concerning the validity of the release, and given the language therein barring all claims between the parties—which would include those in this action regarding the sale of plaintiff's interest in the property to defendant—Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint and cancelling the notice of pendency (*see Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *Rubycz-Boyar v Mondragon*, 15 AD3d 811, 812-813 [2005], *lv denied* 5 NY3d 703 [2005]; *Tavoulareas v Bell*, 292 AD2d 256, 257 [2002]; *Matter of Jana-Rock Constr. v New York State Dept. of Transp.*, 267 AD2d 686, 687 [1999]). To the extent that they are not barred by the release, plaintiff's remaining claims have been considered and found to be lacking in merit.

Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.