■ DAVID BODISHER, Respondent, v JEANNE HOFMANN et al., Appellants, et al., Defendant. [854 NYS2d 316]—In an action, inter alia, to recover damages for breach of contract and fraudulent inducement, the defendants Jeanne Hofmann and Judy Wood, formerly known as Bodisher appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 23, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Jeanne Hofmann and Judy Wood, formerly known as Bodisher, for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendants Jeanne Hofmann and Judy Wood, formerly known as Bodisher (hereinafter together the defendants), demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff executed general releases in their favor which barred the instant action (*see* CPLR 3211 [a] [5]). "A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake" (*Shklovskiy v Khan,* 273 AD2d 371, 372 [2000]; *see Mangini v McClurg,* 24 NY2d 556, 563 [1969]; *Haynes v Garez,* 304 AD2d 714, 715 [2003]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Friends of Avalon Preparatory School v Ehrenfeld,* 6 AD3d 658, 659 [2004]). Accordingly, the defendants' motion for summary judgment should have been granted.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.