■ ZIAUNNISA LODHI, Appellant, v STEWART'S SHOPS CORPORATION, Respondent. [861 NYS2d 160]—

Kane, J. Appeal from an order of the Supreme Court (Egan Jr., J.), entered February 15, 2007 in Ulster County, which granted defendant's motion to dismiss the complaint.

In July 2003, plaintiff tripped and fell in defendant's store. She hired a law firm to represent her on a potential personal injury claim. After negotiations, the firm obtained a settlement offer of $5,000. Plaintiff disagreed with the firm's assessment of her case and did not accept the offer. In March 2006, an attorney from the law firm sent plaintiff a letter mentioning the offer, informing her that the firm would take no further action on her behalf and was closing her file, and urging her to seek alternative counsel if she desired to pursue her claim. Despite this letter which appeared to terminate the attorney-client relationship, plaintiff did not seek other counsel but instead met with another attorney from the firm on June 26, 2006. At that meeting, plaintiff signed a general release document which purported to release defendant from liability for her July 2003 accident in consideration for $5,000.

Plaintiff alleges that she called the attorney the next day to request copies of the documents she signed, but that her request was ignored. Nonetheless, plaintiff wrote a letter, dated June 28, 2006, stating that she was terminating her relationship with the firm and that all agreements and retainer papers she signed on June 26 were void. She further alleges that she finally read the release on July 5, 2006, then sent an undated letter to the

firm attempting to cancel the release and terminate the attorney-client relationship.

Meanwhile, on June 29 or 30, 2006, the firm faxed the release to defendant and sent the original by overnight mail. A few days later, defendant tendered a $5,000 check to the firm. Plaintiff then commenced this action pro se. Defendant moved, pursuant to CPLR 3211 (a) (5), to dismiss the complaint as barred by the release. Supreme Court granted the motion, prompting plaintiff's appeal.

Plaintiff's claim is barred by the release. A party is bound by his or her signature on a release containing language that is clear and unambiguous, unless cause exists sufficient to invalidate a contract, such as duress, illegality, fraud or mutual mistake (*see Young v Williams*, 47 AD3d 1084, 1086 [2008]; *see also Mangini v McClurg*, 24 NY2d 556, 563 [1969]). Plaintiff admits that she signed the release in the presence of her attorney, who provided the document to her and notarized it. That document clearly releases defendant from liability for plaintiff's July 19, 2003 accident. Plaintiff does not allege duress, illegality or mutual mistake, asserting only that her signature was obtained through fraud. The alleged fraud was that her attorney did not explain the release or its import or permit her sufficient time to read the document. To invalidate a contract, however, the alleged fraud must be between the parties to the contract or release, not between a party and his or her agent (*see Nash v Y & T Distribs.*, 207 AD2d 779, 780 [1994]). As plaintiff does not allege any fraud committed by defendant relative to the release, she is bound by that document. Additionally, parties who sign a document are bound by its terms unless they present a valid excuse for failing to read it (*see Morby v Di Siena Assoc.*, 291 AD2d 604, 605 [2002]; *Sindelar v Hawley*, 290 AD2d 661, 662 [2002]). Plaintiff did not provide a reasonable excuse for her failure to read the release and a reading of the document would have informed her that she was releasing defendant from liability (*see Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]). She is thus bound by the release.

Plaintiff alternatively argues that the firm did not have the authority to enter into the settlement on her behalf (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Nash v Y & T Distribs.*, 207 AD2d at 780). Attorneys cannot settle claims without authorization from their clients, either express or implied (*see Hallock v State of New York*, 64 NY2d at 230; *Matter of Barrow v Penn.*, 247 AD2d 813, 814 [1998]). Plaintiff contends that the firm ceased to represent her after she received its March 2006 letter informing her that no further work would

be conducted on her behalf and that she should retain new counsel to pursue her claim. Despite this letter, however, the record does not indicate that she retained other counsel; instead, plaintiff met with an attorney from the firm and signed the release. She also sent more than one letter attempting to terminate her relationship with the firm after she signed the release, thereby implying that a relationship continued until that time. Even if we accept plaintiff's allegation that she did not authorize the firm to settle her claim, the firm had apparent authority due to plaintiff's conduct in permitting prior negotiations, not obtaining new counsel, meeting with an attorney from the firm, signing the release and giving it to that attorney. Under the circumstances, Supreme Court properly granted defendant's motion to dismiss the complaint as barred by the release (*see* CPLR 3211 [a] [5]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.