■ In the Matter of LILLIAN JACKER, Deceased. (Matter No. 1.) CARL JACKER, Appellant, v JORDAN M. ISERMAN et al., Respondents. (Matter No. 2.) [963 NYS2d 397]—

In a probate proceeding and a related action, inter alia, to set aside a general release based on fraudulent misrepresentation, the plaintiff appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated December 29, 2011, which, after a nonjury trial on the issue of the validity of the general release, in effect, denied his application to set aside the general release.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Written releases are contracts and their interpretation is governed by the principles of contract law (*see Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]). Where the language in a release is clear and free from ambiguity, effect must be given to the intent of the parties as reflected in the writing alone, without resort to extrinsic evidence (*see Matter of Transtate Ins. Co.*, 297 AD2d 684, 685 [2002]; *Shklovskiy v Khan*, 273 AD2d at 372). Here, the language in the general release was clear and unambiguous and did not include any reference to the alleged promises made to the plaintiff (*see Alvarez v Amicucci*, 82 AD3d 687, 688 [2011])

A release will be set aside by a court only for duress, illegality, fraud, or mutual mistake (*see Bodisher v Hofmann*, 50 AD3d 720, 720 [2008]). The existence of a fiduciary relationship between contracting parties shifts the burden of proof such that

"it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood" (*Cowee v Cornell*, 75 NY 91, 100 [1878]; *see Matter of Greiff*, 92 NY2d 341, 345 [1998]). Here, the defendant, who was in a fiduciary relationship with the plaintiff by virtue of his status as trustee, sustained his burden (*cf. Matter of Connelly*, 193 AD2d 602, 603 [1993]).

The Surrogate's Court properly determined that the plaintiff had no reasonable expectation that an attorney-client relationship existed between the defendant and him at the time of signing the general release (*see Nelson v Roth*, 69 AD3d 912, 913 [2010]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.