LEWIN CHEVROLET-GEO-OLDSMOBILE, INC., Appellant, v SANDRA J. BENDER, Respondent. [639 NYS2d 180] —White, J.

At the conclusion of a bench trial, Supreme Court found that defendant was induced by the fraudulent misrepresentations

of plaintiff's employees to enter into a retail installment contract for the purchase of an automobile and awarded her damages on her counterclaim for conversion. Plaintiff appeals. We note that, while we accord due deference to Supreme Court's findings, our authority is as broad as that of the trial court and we may render the judgment we find warranted by the facts (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499).

The record shows that on June 23, 1993, defendant and her daughter went to plaintiff's automobile dealership where she met Leo Tetenes, a salesperson. Defendant contends that he showed her a 1992 Oldsmobile that allegedly displayed a sticker price of $12,995 which Tetenes confirmed was the vehicle's special marked-down price. However, Tetenes maintains that the vehicle did not display a sticker and that he told defendant that its price was $14,995. In any event, defendant test-drove the vehicle and, after being told she would receive a $10,000 trade-in for her 1989 Chevrolet Blazer, made a downpayment on the Oldsmobile. According to defendant when she returned the next day, Tetenes purportedly told her to "either sign the papers now or [the price is] going back up to $14,995".

At this point, defendant agreed to purchase the vehicle and proceeded to sign a credit application wherein the vehicle's price was listed as $15,459[1] and a retail installment contract listing the price at $17,896.[2] After these documents were executed, defendant took possession of the Oldsmobile and turned in her Blazer; however, she did not surrender its certificate of title. Later that day, after a discussion with a relative, she returned to the dealership complaining that she was charged $2,000 more than the quoted price of $12,995 and demanding that the contract be rescinded with the Blazer being returned to her. Plaintiff refused to accede to defendant's request, prompting her on June 25, 1993 to return the Oldsmobile to plaintiff.[3]

Thereafter, plaintiff commenced this action for a judgment compelling defendant to sign and transfer the Blazer's certificate of title to it. In response, defendant interposed a counterclaim alleging that the retail installment contract was fraudu-

---

1. This price represents the cost of the vehicle ($14,995), undercoating ($399) and certain fees ($65).

2. In addition to the above items, this price includes the financing charge ($2,059.42) and sales tax ($377.58).

3. Ultimately, the financing institution repossessed the vehicle and sold it to plaintiff, which resold it to a third party.

lent and that plaintiff had converted her Blazer. To establish her counterclaim, it was defendant's burden to show that plaintiff knowingly uttered a falsehood intending to deprive her of a benefit and that she was thereby deceived and damaged (*see, Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407). We disagree with Supreme Court's finding that defendant met her burden. Where, as here, a written instrument contains terms different from those orally or otherwise represented, a person is presumed to have read the writing and may not claim that he or she relied on the representations (*see, Baltzly v Sandoro*, 186 AD2d 1077; *Marine Midland Bank v Embassy E.*, 160 AD2d 420, 422). We further note that defendant is conclusively bound by the terms of the retail installment contract even though she may not have read it (*see, Pimpinello v Swift & Co.*, 253 NY 159, 162-163). For these reasons, we shall dismiss the counterclaim.

In view of this disposition, we shall remit this matter to Supreme Court to determine plaintiff's damages pursuant to UCC 2-708 and defendant's right to restitution, if any, under UCC 2-718 (2).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, counterclaim dismissed and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.