■ MAINES PAPER AND FOOD SERVICE, INC., Respondent, v EBRAHIM ADEL, Appellant. [681 NYS2d 390] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered January 23, 1998 in Broome County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff seeks to recover on defendant's personal guarantee

of an unpaid corporate account for goods sold and delivered totaling approximately $55,000. We conclude that Supreme Court did not err in granting plaintiff's motion for summary judgment and, accordingly, affirm.

In addition to submitting the executed personal guarantee, plaintiff submitted documentation showing the corporation's failure to pay its outstanding balance thereby establishing its entitlement to summary judgment (*see, Albany Med. Ctr. Hosp. v Armlin*, 146 AD2d 866). With repeated references to his "difficulty with the English language", defendant—who has lived in this country since 1979 and has been a citizen for over a decade during which time he has entered into various real estate and personal property contracts and received a formal education from a prominent culinary institute—claims that summary judgment was improperly granted because he was fraudulently induced by plaintiff's representatives to sign the agreement. He claims he was not told that the document was a corporate credit application or that it contained a personal guarantee. We are unpersuaded.

In the absence of fraud, duress or some other wrongful act by a party to a contract, a signer of an agreement is deemed to be conclusively bound by its terms whether or not he or she read it (*see, Gilman v Chase Manhattan Bank*, 73 NY2d 1, 11; *Lewin Chevrolet-Geo-Oldsmobile v Bender*, 225 AD2d 916, 918; *J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708; *see also, Morris v Snappy Car Rental*, 84 NY2d 21, 30). Moreover, an inability to understand the English language, without more, is insufficient to avoid this general rule (*see, Kenol v Nelson*, 181 AD2d 863, 866; *Sofio v Hughes*, 162 AD2d 518, 519, *lv denied* 76 NY2d 712).

Here, defendant's alleged "difficulty" with the English language is irrelevant as he candidly admitted at his examination before trial that he made no attempt to read the document before signing it nor did he attempt to have someone else read or explain it to him. Even accepting as true defendant's allegations as to the misrepresentations made by plaintiff's representatives—namely, that the purpose of the agreement was merely to authorize him to order products in the future—reading the two-page agreement would have readily revealed that it was a corporate credit application containing a personal guarantee covering not only future but past debts as well. The agreement unambiguously and clearly indicates that it contained a "PERSONAL GUARANTEE" and defendant signed his name on a signature line for the "GUARANTOR". Having failed to read the agreement or, because of an alleged difficulty with the English

language, having failed to have someone else read or explain it to him, defendant is precluded from asserting fraudulent inducement since there cannot be any justifiable reliance (*see, Dunkin' Donuts v Liberatore*, 138 AD2d 559, 560; *see also, Lewin v Chevrolet-Geo-Oldsmobile v Bender, supra*).

As a final matter, contrary to defendant's contentions, extension of payment of an antecedent debt can be adequate consideration for a personal guarantee (*see, Bellevue Bldrs. Supply v Audubon Quality Homes*, 213 AD2d 824, 825; *see also*, General Obligations Law § 5-1105).

Crew III, J. P., White, Peters and Graffeo, JJ., concur. Ordered that the order and judgment are affirmed, with costs.