■ LEWIN CHEVROLET-GEO-OLDSMOBILE, Appellant, v SANDRA J. BENDER, RESPONDENT. [695 NYS2d 425] —Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered November 2, 1998 in Schoharie County, upon a decision of the court in favor of defendant.

The day after taking delivery of a used 1992 Oldsmobile which she purchased from plaintiff pursuant to a retail installment contract, defendant returned the vehicle and its keys to plaintiff and demanded that plaintiff return her 1989 Chevrolet Blazer trade-in. Plaintiff commenced this action to compel defendant to transfer to it the certificate of title to the Blazer, which it had sold to another customer. Defendant's answer included a counterclaim alleging that the contract was fraudulent and that plaintiff had converted her Blazer. After a non-jury trial, Supreme Court found that defendant was induced by the fraudulent misrepresentations of plaintiff's employees to enter into the contract and judgment was entered in favor of defendant on her counterclaim.

On appeal, this Court reversed the judgment, dismissed the counterclaim, and remitted the matter to Supreme Court "to determine plaintiff's damages pursuant to UCC 2-708 and defendant's right to restitution, if any, under UCC 2-718 (2)" (225 AD2d 916, 918). Upon remittal, Supreme Court found that plaintiff had not been damaged by defendant's repudiation of the contract and concluded that defendant was entitled to restitution in the amount of $10,000, which was the trade-in credit given by defendant on the Blazer, less $500 (see, UCC 2-718 [2] [b]). Plaintiff appeals.

Pursuant to UCC 2-718 (2), a buyer is entitled to restitution of certain amounts "[w]here the seller justifiably withholds delivery of goods because of the buyer's breach". Plaintiff contends that, after taking delivery of the 1992 Oldsmobile, defendant abandoned the vehicle and failed to make the payments to Key Bank, which was the financing institution under the retail installment contract. As a result, according to plaintiff, Key Bank repossessed the vehicle and thereafter sold it to plaintiff. Thus, plaintiff contends that it did not withhold the vehicle within the meaning of UCC 2-718 (2). We disagree.

There is no evidence in the record regarding repossession other than the testimony of plaintiff's president that "[t]he vehicle was repossessed by the bank and the bank sold it to us * * * at the contract amount, $7,576.58", which was the amount that Key Bank paid plaintiff on the retail installment contract. Defendant testified that she received nothing from Key Bank other than a payment book and a subsequent notice that the loan had been paid. There is no evidence in the record that title was transferred from plaintiff to defendant and then back to plaintiff as a result of the alleged repossession (see, Vehicle and Traffic Law §§ 2114, 2115). By retaining title to the vehicle, plaintiff remained its owner (see, Vehicle and Traffic Law § 2101 [g]) and within one day of the sale, it also had possession and control of the vehicle, which it retained until it sold the vehicle to another customer. The repossession apparently consisted of nothing more than plaintiff's repayment of the amount it received from Key Bank on the contract.

Restitution "is undoubtedly equitable and depends upon broad considerations of equity and justice" (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421, cert denied 414 US 829), and the essential inquiry is whether it is against equity and good conscience to permit the party in possession to retain what is sought to be recovered (see, id., at 421). With these general principles in mind, we are of the view that, in the circumstances of this case, plaintiff withheld pos-

session of the 1992 Oldsmobile within the meaning of the UCC 2-718 (2) restitution provision. To conclude otherwise would permit plaintiff to retain the proceeds of its sale of the Blazer while effectively retaining possession of, and subsequently reselling, the vehicle on which it had taken the Blazer in trade. Accordingly, while our analysis differs from that of Supreme Court, we agree that defendant is entitled to restitution under UCC 2-718 (2). The amount of restitution, however, should be reduced by $1,760, which represents the benefit received by defendant when plaintiff paid the outstanding balance of defendant's loan on the Blazer (*see,* UCC 2-718 [3] [b]).

Cardona, P. J., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the amount of restitution awarded therein to $7,740, with a corresponding reduction of interest awarded therein to $3,107.57, and, as so modified, affirmed.