■ MARGARET C. DUNN, Appellant, v NORTHGATE FORD, INC., et al., Respondents, et al., Defendant. [794 NYS2d 449]—

Spain, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered February 3, 2004 in Broome County, which granted a motion by defendants Northgate Ford, Inc. and Arthur Allen III for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 25, 2004 in Broome County, which denied plaintiff's motion to renew and/or reargue.

In 1999, plaintiff purchased a used vehicle from defendant Northgate Ford, Inc., an automobile dealership. Plaintiff obtained financing to purchase this vehicle, which also paid the outstanding loan balance on her trade-in vehicle, from a third-party lender, a local bank, which is not a party to this action. Plaintiff's testimony establishes that she signed a credit application, a purchase agreement and a retail installment contract and other documents and took possession of the vehicle. She thereafter made at least 4, maybe as many as 10, monthly payments on the loan but then defaulted, resulting in the lender repossessing and selling the vehicle, leaving plaintiff with a deficiency of over $12,000, plus late fees and interest.

Plaintiff commenced the instant action against Northgate and its finance manager (hereinafter collectively referred to as defendants)[1] alleging causes of action for common-law fraud and, under General Business Law §§ 349 and 350, for deceptive business practices. After issue was joined, Supreme Court granted defendants' motion for summary judgment dismissing the complaint in its entirety, and thereafter issued an order denying plaintiff's motion to reargue and/or renew.[2] Plaintiff now appeals, and we affirm, finding that plaintiff failed, in opposition to defendants' motion, to submit proof demonstrating the existence of any factual issue requiring a trial so as to defeat

---

1. The salesperson was also named as a defendant but he did not answer and is not a party to this appeal.

2. By failing in her brief to raise any contentions regarding the order denying her motion to reargue and/or renew, plaintiff has abandoned any claims related to that order.

defendants' prima facie showing of entitlement to dismissal of the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 560, 562 [1980]).

Plaintiff's common-law fraud claim is premised upon the allegation that defendants misrepresented her income and rent in her credit application to the lender in order to qualify her for the loan, enabling her to obtain a loan for which she was unqualified and unable to pay, and to purchase a vehicle she could not afford. She testified that she verbally provided these figures to the credit manager who filled out and submitted a credit application that inflated her income, reported child support that she did not receive or ever claim she was receiving, and deflated her rent. No documentary proof of her actual income or expenses was submitted in opposition to defendants' motion, although it was requested during her deposition.

The fundamental flaw in plaintiff's proof is that she testified that she signed the credit application containing this assertedly false financial information, although she did not read it; the allegation in her complaint that defendants did not permit her to read any of the documents she signed was retracted by her testimony that while she arrived shortly before the dealership's closing time and felt rushed, defendants never told her she could not read the documents before signing them and did not preclude her from doing so. Thus, in the absence of any proof that plaintiff justifiably relied upon the claimed misrepresentations in her signed credit application, either in taking the loan or purchasing the vehicle, plaintiff has no fraudulent inducement or misrepresentation cause of action and is contractually bound (*see Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762 [1998]; *see also Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702, 709-710 [2001]; *Stutman v Chemical Bank*, 95 NY2d 24, 30 [2000]; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 348 [1999]).

Plaintiff also asserts that during initial discussions the salesperson had represented that her monthly car loan payments would be $320 whereas the actual payments were $433, which she contends constituted a fraudulent misrepresentation. However, any such claim was undermined completely by plaintiff's testimony that she signed (without reading) the agreements, which she conceded reflected that her monthly loan payments would be $433. Plaintiff never testified that defendants misrepresented what was contained in any of the documents, that the quoted payment would include her outstanding loan, or that defendants committed any cognizable wrongdoing to obtain her signatures or preclude her from reading them and, thus,

she "is deemed to be conclusively bound by [their] terms whether or not . . . she read [them]" (*Maines Paper & Food Serv. v Adel, supra* at 761; *see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11 [1988]).

Although plaintiff argues on appeal that defendants acted as her agent and violated a fiduciary duty to her, that claim was not asserted in her pleadings and has not been properly preserved for appellate review (*see* CPLR 5501 [a] [3]; *cf. Snyder v Puente De Brooklyn Realty Corp.*, 297 AD2d 432, 435-436 [2002], *lv denied* 99 NY2d 506 [2003]). Moreover, plaintiff did not plead, testify to or offer proof of any kind to demonstrate the existence of any agency or privity relationship or any fiduciary duty owed to her by defendants (*see Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004]; *see also Peabody v Northgate Ford, Inc.*, 16 AD3d 879 [2005]; Restatement [Second] of Agency § 387).

Plaintiff's remaining cause of action was under General Business Law § 349 for deceptive business practices (*see Gaidon v Guardian Life Ins. Co. of Am., supra* at 344). In opposing defendants' prima facie proof, plaintiff relied on unsupported, conclusory statements and arguments which failed to demonstrate material factual issues of any kind requiring a trial on this claim, entitling defendants to summary judgment (*see Zuckerman v City of New York, supra* at 560, 562-563). On appeal, plaintiff merely mentions this statute in her brief and has not raised any contentions directed at the dismissal of this claim and, therefore, it is deemed to have been abandoned (*see Murry v Witherel*, 287 AD2d 926, 926 [2001]).

Moreover, assuming, without deciding, that the deceptive acts or practices complained of relating to automobile dealerships' misrepresentations to lenders to obtain financing and sell cars were determined to be "consumer oriented" in that they have a broader impact on consumers at large (*see Stutman v Chemical Bank, supra* at 28-29; *Gaidon v Guardian Life Ins. Co. of Am., supra* at 344), the circumstances of this case, even viewed most favorably to plaintiff, do not demonstrate that defendants engaged in deceptive practices which were "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]; *Peabody v Northgate Ford, Inc., supra*). While plaintiff's account, if credited, might support the conclusion that defendants' deceived (or were complicit with) the lender to obtain financing for a willing, or at least passively cooperative, purchaser, which may

be a widespread practice as plaintiff claims, it fails to survive the threshold objective consumer-reasonableness element of a cause of action under General Business Law § 349. Plaintiff's remaining contentions are either unpreserved or lacking in merit and, accordingly, we find that Supreme Court correctly awarded defendants summary judgment dismissing her complaint.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs. [*See* 1 Misc 3d 911(A), 2004 NY Slip Op 50030(U) (2004).]