PATRICIA M. PEABODY, Appellant, v NORTHGATE FORD, INC., et al., Respondents. [794 NYS2d 452]—

Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered April 30, 2004 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff purchased a used vehicle from defendant Northgate Ford, Inc. in 1999. For 2½ years, she drove the vehicle and made timely scheduled payments on an automobile loan that she had secured from a local bank with defendant's assistance. After experiencing financial difficulties, plaintiff defaulted on the loan and the vehicle was repossessed by the lender, leaving a deficiency of $10,452.58. Plaintiff then commenced this action against Northgate, its finance manager and its salesperson, asserting causes of action for common-law fraud and under General Business Law § 349 (a) and (h), which provides civil remedies for persons injured by qualifying deceptive business practices. The gravamen of plaintiff's complaint is that defendants misrepresented to her the purchase price of the ve-

hicle and induced her to obtain a loan to finance the purchase by inflating her income (and child support) on her credit application after she signed it, enabling her to obtain a loan for which she was not qualified and to purchase a vehicle she could not afford. Following joinder of issue, Supreme Court granted defendants' motion for summary judgment dismissing the complaint. On plaintiff's appeal, we affirm.

Plaintiff's claim that defendants fraudulently induced her to enter the vehicle purchase agreement by misrepresenting *to the lender* her income on her credit application after she signed it, thereby enabling her to secure the loan, cannot withstand scrutiny in view of, among other impediments, her testimony that she signed that credit application without reading it, although not precluded from doing so, and aware that it contained blank lines. Plaintiff's testimony undermined any claim that *she* justifiably relied on defendants' insertion of misrepresented income figures, submitted to the lender, as required to support a fraudulent inducement claim (*see Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762 [1998]; *see also Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702, 709-710 [2001]; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]). Her contention that during initial negotiations defendants represented that the purchase price of the vehicle was $12,999, whereas the actual total purchase price was $17,995, is similarly unavailing. Plaintiff testified that she had signed, but not read, the purchase agreement and the retail installment contract, both of which clearly reflected the actual total purchase price, a $1,000 down payment, a $5,000 vehicle trade-in credit, the $3,150 balance due on the loan covering her trade-in, and taxes and other related incidental fees and expenses. Having signed the contracts which clearly stated the purchase price and other terms, and there being no claim that defendants misrepresented what was contained in the documents or other wrongdoing on defendants' part in that regard, plaintiff "is deemed to be conclusively bound by [their] terms whether or not . . . she read [them]" (*Maines Paper & Food Serv. v Adel, supra* at 761; *see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11 [1988]).

To the extent that plaintiff's fraud claim is premised upon the notion that defendants breached a purported fiduciary duty to her, it was properly dismissed, plaintiff having failed to plead, or indeed testify to, any facts which would demonstrate the existence of any fiduciary duty owed to her by defendants or any relationship approaching privity between her as the purchaser of an automobile and defendants as a dealership, its finance

manager or salesperson (*see Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004]; *see also Dunn v Northgate Ford, Inc.*, 16 AD3d 875 [2005]). Further, plaintiff's claim that defendants' promise to "take care of" the $3,150 outstanding balance on her loan for her trade-in constituted a fraudulent misrepresentation—because she interpreted it to mean that defendants would deduct the entire debt from the agreed-upon purchase price of this vehicle—is wholly conclusory and unsupported by any evidence or inference therefrom in the record. Plaintiff did not allege in her complaint or testify that defendants ever made or suggested such a specific misrepresentation and, to the contrary, conceded that she signed the credit application, the purchase agreement and retail installment agreement, all of which reflected that the full outstanding debt for her trade-in would be *added* to the cost of this vehicle and would *increase* the new loan amount, offset by the $5,000 allowance conferred for the trade-in. Thus, she is bound by the contractual terms (*see Maines Paper & Food Serv. v Adel, supra* at 761).

With regard to plaintiff's cause of action for deceptive business practices under General Business Law § 349, plaintiff makes no substantive argument on appeal that Supreme Court erred in awarding defendants summary judgment dismissing this claim, and we discern no error. Even were we to find that the deceptive acts or practices complained of were "consumer oriented," i.e., they had a broad impact on consumers at large (*Gaidon v Guardian Life Ins. Co. of Am., supra* at 344; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-25 [1995]; *cf. Gray v Seaboard Sec., Inc.*, 14 AD3d 852, 853 [2005]), we agree with the court's conclusion that defendants submitted sufficient proof to establish plaintiff's inability to prove—and plaintiff, who made upwards of 30 monthly payments until she defaulted, failed to create any question in opposition—that they engaged in practices which were "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra* at 26; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]; *Stutman v Chemical Bank*, 95 NY2d 24, 28-29 [2000]; *Gaidon v Guardian Life Ins. Co. of Am., supra* at 343-344; *Dunn v Northgate Ford, Inc., supra*).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered the order is affirmed, with costs.