■ ROSEANN HAGGERTY et al., Appellants, v IAN M. BRADY et al., Respondents. [896 NYS2d 251]—

Lahtinen, J. Appeal from an order of the Supreme Court (Connolly, J.), entered March 9, 2009 in Ulster County, which, among other things, granted defendants' motion to compel arbitration between the parties.

Plaintiffs commenced an action seeking damages for personal injuries allegedly sustained in a motor vehicle accident. Defendants moved for summary judgment and, while the motion was pending, the parties agreed to submit the case to binding arbitration. They stipulated to a high/low of $50,000/$2,500. Plaintiffs later refused to proceed with the arbitration contending that they had been misled to believe that defendants had $50,000 in coverage when, in fact, they had $100,000. Defendants moved to compel arbitration and plaintiffs cross-moved to stay arbitration. Supreme Court granted defendants' motion and denied plaintiffs' cross motion. Plaintiffs appeal.

We affirm. To establish, as plaintiffs contend, that the arbitration agreement resulted from fraud, plaintiffs "must show by clear and convincing evidence that [defendants] made a representation of fact which is either untrue and known to be untrue

or recklessly made, and which is offered to deceive the other party and induce them to act upon it, causing injury" (*Matter of Ball [SFX Broadcasting]*, 236 AD2d 158, 161 [1997], *appeal dismissed* 91 NY2d 921 [1998], *lv denied* 92 NY2d 803 [1998]). Here, plaintiffs' counsel stated that a claims adjuster from defendants' insurer represented to him, while negotiating the terms of arbitration, that there was $50,000 in coverage. The adjuster who was handling the claim disputes that such a representation ever occurred. However, it is undisputed that, as part of discovery, defendants had supplied plaintiffs—about a year before the arbitration negotiations—with the details of their insurance coverage, including that they had $100,000/$300,000 coverage. Since a written document setting forth the correct coverage information had been previously supplied to plaintiffs, the alleged oral misstatement by the adjuster (whether accidental or intentional) does not provide a ground for setting aside the arbitration agreement (*cf. Lewin Chevrolet-Geo-Oldsmobile v Bender*, 225 AD2d 916, 918 [1996]).

Peters, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.