■ WIN MORRISON REALTY, Respondent, v GUSTIN CORPORATION, Doing Business as UGLY GUS CAFÉ, et al., Appellants. [997 NYS2d 539]—

McCarthy, J. Appeal from an order of the Supreme Court (Mott, J.), entered October 21, 2013 in Ulster County, which granted plaintiff's motion for summary judgment.

On June 4, 2010, plaintiff, a licensed real estate broker, and defendant Christopher J. Seche, as a principal of defendant Gustin Corporation, entered into an exclusive right to sell agreement to sell a building and the restaurant business operated therein. The agreement provided that plaintiff would be entitled to a commission of five percent if the subject property was sold or a purchaser arranged during 2010. In July 2010, plaintiff found a prospective buyer who entered into a contract with defendants to purchase the business for $160,000 and lease the building, then later purchase it for $440,000. The closing on the business took place in 2010 and the closing for the building took place in early 2011. After defendants refused to pay plaintiff any commission, plaintiff commenced this action. Following discovery, plaintiff moved for summary judgment. Supreme Court granted the motion and awarded plaintiff his $30,000 commission plus interest. Defendants appeal.

Supreme Court properly granted plaintiff's motion for summary judgment. To establish a "claim for a commission, a broker must prove (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the 'procuring cause' of the sale" (*Buck v Cimino*, 243 AD2d 681, 684 [1997], *lv denied* 91 NY2d 807 [1998], quoting *Greene v Hellman*, 51 NY2d 197, 206 [1980]). It is undisputed that plaintiff is a licensed real estate broker and procured the sale of defendants' business and building. Seche's signature appears on the exclusive right to sell agreement on behalf of Gustin Corporation. Thus, plaintiff met his burden of establishing his entitlement to a five percent commission (*see Robert Cohn Assoc., Inc. v Kosich*, 63 AD3d 1388, 1389 [2009]; *Pacifico v Plate*, 183 AD2d 986, 987-988 [1992]).

In response, defendants contend that plaintiff had no valid contract because there was no meeting of the minds between the parties and plaintiff obtained Seche's signature through fraudulent means. The agreement clearly sets out the parties' obligations and, absent some wrongful conduct on plaintiff's behalf, defendants are bound by that agreement despite Seche allegedly not having read it before signing it (*see Overseas Private Inv. Corp. v Nam Koo Kim*, 69 AD3d 1185, 1187-1188 [2010], *lv dismissed* 14 NY3d 935 [2010]; *Lodhi v Stewart's Shops Corp.*, 52 AD3d 1084, 1085 [2008]; *Peabody v Northgate Ford, Inc.*, 16 AD3d 879, 880 [2005]; *Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762 [1998]). No factual question exists regarding defendants' argument that plaintiff allegedly fraudulently induced Seche to sign the agreement, as the allega-

tions are conclusory and defendants do not specifically identify any false representations made by plaintiff (*see Dolansky v Frisillo*, 92 AD3d 1286, 1288 [2012]; *Keis Distrib. v Northern Distrib. Co.*, 226 AD2d 967, 970 [1996]; *see also Pettis v Haag*, 84 AD3d 1553, 1554-1555 [2011]; *Rosen Auto Leasing, Inc. v Jacobs*, 9 AD3d 798, 799-800 [2004]). We have reviewed defendants' remaining arguments and none of them raises a triable question of fact so as to defeat plaintiff's entitlement to summary judgment.

Lahtinen, J.P., Stein, Rose and Clark, JJ., concur. Ordered that the order is affirmed, with costs.